IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY RICHARD PURDY, JR.,<br>MATTHEW PRUDY, and<br>ROBERT TURNER,<br><br>              Defendants. | CASE NO. 1:22-cr-19 (RCL) |

## UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANTS' MOTIONS TO WITHDRAW AS COUNSEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully objects to the motions to withdraw filed by defendants' current counsel. ECF 82, 83, 84 and 85. The United States moves the Court to conduct an inquiry pursuant to Federal Rules of Criminal Procedure Rule 44(c) to determine if the defendants can and have made a knowing and voluntary waiver of conflicts from joint representation by Attorney Isaak. The United States further requests that the Court conduct this inquiry and issue a determination on joint representation before deciding any of the pending motions to withdraw filed by defendants' court-appointed counsel.

## BACKGROUND

The United States obtained an Indictment on January 14, 2022, charging Gregory Richard Purdy, Jr., Matthew Purdy, and Robert Turner with multiple offenses arising from their actions at the United States Capitol on January 6, 2021. ECF 22. All three defendants face four identical misdemeanor charges; however, Gregory Purdy and Robert Turner are charged with five felony and misdemeanor offenses, while Matthew Purdy is charged solely with misdemeanor offenses.

Defendants Gregory Purdy and Robert Turner were charged in the Indictment with five additional charges: Count One, Civil Disorder, 18 U.S.C. § 231(a)(3) and 2; Count Two, Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) and 2; Count Three: Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2) and 2; Count Six: Engaging in Physical Violence in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(4); and Count Eight: Act of Physical Violence in the Capitol Grounds or Buildings, 40 U.S.C. § 5104(e)(2)(F).  Counts One, Two and Three are felony charges.  Defendant Matthew Purdy was not charged with these five charges.

The three defendants were charged in the Indictment with the following four crimes:  Count Four: Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1); Count Five: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2); Count Seven: Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D); and Count Nine: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e))2)(G).

All three defendants are individually represented by different court-appointed counsel.  On August 4, 2023, Attorney Melissa Isaak indicated she would be submitting a *Pro Hac Vice* motion to appear on behalf of all defendants.  Minute Entry dated Aug. 4, 2023 (noting the Court would set a status conference when Ms. Isaak got into the case).  The three court-appointed counsel indicated that their respective defendants wanted to retain Attorney Isaak instead of them.  On August 17, 2023, Attorney Isaak filed a Motion for Admission *Pro Hac Vice.*  ECF 79.  On August 18, 2023, the Court issued an Order granting this Motion.  ECF 80.  In the accompanying docket entry, the Court directed Attorney Isaak to register for e-filing via PACER and file a notice of appearance pursuant to the local rule as to the three defendants.  As of the date of filing, Attorney

Isaak has not filed a Notice of Appearance in the case; presumably as a result, the status conference referenced in the August 4 minute entry has not been set.

On October 6, 2023, Barry Coburn and Marc Eisenstein, the court-appointed attorneys for Defendant Gregory Purdy, filed a Motion to Withdraw as Counsel. ECF 82.  On October 17, 2023, Assistant Federal Public Defenders Deke Falls and Brittney Sherron, the court-appointed attorneys for Defendant Robert Turner, filed Motions to Withdraw as Counsel. ECF 83, 84.  On the same date, Christopher Macchiaroli, the court-appointed attorney for Defendant Matthew Purdy, filed a Motion to Withdraw as Counsel. ECF 85.

## ARGUMENT

### I.   Federal Rule of Criminal Procedure 44(c)

Federal Rule of Criminal Procedure Rule 44(c) addresses joint representation, which occurs when multiple defendants are charged jointly and are represented by the same counsel or counsel who are associated in law practice.  Rule 44(c)(2) identifies the Court's responsibilities in cases of joint representation as follows:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation.  Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c)(2).  *See also* LCRR 44.5(d) ("The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case or be unfairly prejudicial to any party, or otherwise not be in the interests of justice.").

### II.   The District Court Has Substantial Latitude in Refusing Waivers of Conflicts of Interests Where a Potential Conflict Exists

The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."  The Sixth

Amendment secures the right to the assistance of counsel, by appointment if necessary, in a trial for any serious crime. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). The purpose of providing assistance of counsel "is simply to ensure that criminal defendants receive a fair trial," *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984), and when evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), n. 21, 104 S. Ct. 2039, 2046, n. 21, 80 L. Ed. 2d 657 (1984). "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. U.S.*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988). "Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation. *Id.*, at 160.

When a district court is faced with representation of multiple criminal defendants by a single counsel, the court "confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Id*. The mere provision of waivers by all affected defendants does not cure any problems created by the joint representation. *Id.* As set out in Fed. R. Crim. P. 44(c), the district court should investigate cases involving joint representation. *Id.,* at 161. "[T]he Sixth Amendment right to conflict-free representation is subject to knowing and voluntary waiver." *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 200 (D.C. Cir. 2013). However, the district court "must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual

conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat v. U.S.*, 486 U.S. at 163. "The District Court must recognize a presumption in favor of petitioner's counsel of choice," *Id.* at 164, but the Court must also "balance[] the defendant's right to choose his representative against both the defendant's countervailing right to conflict-free representation *and* the court's independent interest in the integrity of criminal proceedings," *Lopesierra-Gutierrez*, 708 F.3d at 200 (emphasis in original).

A court in this district recently addressed a similar situation where a single defense attorney represented three co-defendants in a case involving the January 6, 2021, attack on the Capitol. The Government does not suggest that the Court is required to follow the procedure set out in that case but offers it as an example of the type of inquiry recently used in a similar situation.

In *United States v. Lesperance, et al.*, No. 21-CR-575 (JDB), the Court conducted a substantive inquiry given the potential for conflicts arising from a single attorney's representation of all three codefendants in the case. An independent conflict counsel was appointed by the Court. *United States v. Lesperance, et al.*, Minute Entries dated Nov. 4, 2021, and Nov. 30, 2021. This independent conflict counsel interviewed the three codefendants, defense counsel and counsel for the government, and submitted a report and recommendation to the Court. *United States v. Lesperance, et al.*, Minute Order dated Dec. 12, 2021; ECF 18, Report and Recommendation Regarding Single Attorney Representing Three Co-Defendants in the Same Case, Feb. 25, 2022. The report identified several hypothetical situations in which conflicts may arise during joint representation including: during plea bargaining, when defendants have inconsistent defenses at trial; when a defendant wishes to testify at trial; when the government's evidence is more damaging to one codefendant than another; during closing arguments; and at sentencing; and relevant

considerations for the Court when deciding whether to accept a defendant's waiver of the right to conflict-free counsel.  The Court further appointed separate independent counsel for each defendant, to speak with each defendant separately about pros and cons of a waiver.  *United States v. Lesperance, et al.*, Minute Entry dated May 11, 2022; Minute Order dated May 24, 2022.  The three defendants signed waivers of their rights to conflict-free counsel.  The Court conducted extensive colloquies with defense counsel and the three individual defendants.  *United States v. Lesperance, et al.*, Minute Order dated July 27, 2022; Minute Entry dated July 29, 2022.  The Court reviewed the record and issued an order finding that the defendants' waivers were knowing and voluntary.  The Court decided to exercise its discretion and accepted the co-defendants' waivers.  *United States v. Lesperance, et al.*, ECF No. 42, Order, Nov. 21, 2022.

Other courts in this district have exercised discretion to reject defendants' waivers of potential conflicts from multiple representation.  *See United States v. Bikundi*, 80 F. Supp. 3d 9, 17 (D.D.C. 2015) (rejecting waiver due to "potential for a serious conflict" and "serious concerns regarding voluntariness" of waiver); *United States v. Childress*, 58 F.3d 693, 735 (D.C. Cir. 1995) (finding no abuse of discretion in disqualifying counsel "because a conflict between [codefendants] could have developed").

In the present case, Defendants Gregory Purdy, Matthew Purdy and Robert Turner are currently represented by separate court-appointed counsel.  The Court has granted Attorney Isaak's motion for *Pro Hac Vice* admission to the Court.  ECF 79, 80.  Based on the proffers of counsel at the last status conference, all three defendants have indicated to their court-appointed counsel that they want to be represented by Attorney Isaak rather than their current counsel.  Minute Entry for August 4, 2023, status conference; ECF 82, 85.  Defendant Turner has retained Attorney Isaak as counsel.  ECF 84, 85.  Attorney Isaak has not entered an appearance in the case for any defendant.

Further, the record does not include any inquiry of the defendants regarding the potential conflict of interest that may exist in such joint representation, and whether each defendant has knowingly and intelligently waived any such conflict that may occur through joint representation.

The Government submits that there is potential for conflict of interest between the defendants Gregory Purdy, Matthew Purdy and Turner as the case proceeds to trial.  One possible conflict may exist because of the different charges the defendants face.  All three defendants are charged with the same four misdemeanor crimes.  However, Defendants Gregory Purdy and Robert Turner are also charged with multiple felony charges, including an assault on officers, civil disorder, and obstruction of an official proceeding.  Defendant Matthew Purdy is not charged with those felony offenses.  Further, Defendants Turner and Gregory Purdy made incriminating statements that were captured on video from defendants' cell phones, open-source video, and law enforcement body-worn camera.  These statements will be used as evidence against all three defendants.  Another possible conflict may arise if one or more of the defendants testifies at trial, as such testimony may implicate his co-defendants.  As stated earlier, none of the defendants have a plea agreement with the government at this time; however, a conflict may arise if a defendant wants to enter a plea agreement with the government that requires the defendant to provide a complete statement to law enforcement about his knowledge of actions taken by all three co-defendants.

The Government requests the Court conduct an inquiry into the potential conflicts of interest that would arise from joint representation by Attorney Isaak of all three co-defendants in this case.  Further, the Government requests that this inquiry and the Court's determination on whether joint representation may be allowed should be completed *prior* to any decision on the current motions filed by the defendants' court-appointed counsel to withdraw as counsel.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully objects to the motions to withdraw filed by the court-appointed counsel for the defendants.  ECF The Government requests this Court conduct an inquiry to determine whether defendants can and have made a knowing and voluntary waiver of conflicts from joint representation by Attorney Isaak.  The Government respectfully requests that the Court decide the issue of joint representation by Attorney Isaak prior to the Court deciding the motions to withdraw as counsel that have been filed by the court-appointed counsel for all defendants.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Lynnett M. Wagner*_____
LYNNETT M. WAGNER
Nebraska Bar No. 21606
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (402) 661-3700
Email: lynnett.m.wagner@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of United States of America's Response To Defendants' Motions To Withdraw As Counsel was served upon the following counsel using the Court's ECF electronic filing system on October 20, 2023:

Barry Coburn
 Marc Eisenstein
Attorneys for Defendant Gregory Purdy

Assistant Federal Public Defender Deke Falls
Assistant Federal Public Defender Brittney Sherron
Attorneys for Defendant Robert Turner

Christopher Macchiaroli
Attorney for Matthew Purdy

I hereby certify that a true and accurate copy of United States of America's Response To Defendants' Motions To Withdraw As CounseL. was served upon the following by sending same first class mail, postage prepaid on October 20, 2023:

Melissa Isaak
Pro hac vice
2815-B Zelda Road
Montgomery, Alabama  36106

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Lynnett M. Wagner*
LYNNETT M. WAGNER
Nebraska Bar No. 21606
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (402) 661-3700
Email: lynnett.m.wagner@usdoj.gov