UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
                          :
v.                        :         Case No. 1:22-CR-19-RCL-001
                          :
                          :
GREGORY RICHARD PURDY, *et al*  :
                          :
                          :
Defendants.               :

**DEFENDANTS GREGORY RICHARD PURDY AND ROBERT TURNER'S RESPONSE TO GOVERNMENTS MOTION IN LIMINE, DOCKET ENTRY 100**

**COMES NOW**, the Defendants GREGORY RICHARD PURDY and ROBERT TURNER, by and through their respective counsels, and file this Response to Governments Motion in Limine, Docket Number 100, "UNITED STATES' MOTION IN LIMINE TO PRECLUDE ADMISSION OF EVIDENCE REGARDING SENSITIVE, SECURITY-RELATED TOPICS." Said Motion "[S]eeks to preclude evidence or argument concerning 1) the exact locations of U.S. Capitol Police ("USCP") security cameras and 2) the protocols of the U.S. Secret Service ("USSS")."

"To preserve a pretrial objection for appeal through a motion in limine, the motion must be 'sufficiently specific as to the basis for the objection." *State v. Crider*, 375 Mont. 187, 193 (internal citations omitted). "The motion in limine must be specific in regard to the evidence that is being objected to." *Id.* Further, motions in limine seeking the exclusion of broad categories of evidence are disfavored. *Anglin v. Pratti,* 2022 WL 17405864 (E.D.Cal., 2022).

Upon reading the governments motion, the first question I had is which USSS protocols should be excluded? The Motion lacks any specificity or particularity whatsoever. This Motion in Limine should be denied simply on the fact that these issues are much better raised as a relevancy objection at trial. The Defendants have a right to ask questions about:

1. Whether anything defendants did exposed the Vice President to any danger.
2. How far away was the Vice President or protectees from defendants?
3. Could the Vice President or protectees see or hear defendants?
4. How many rooms, walls, spaces, or barriers separated the Vice President from defendants?
5. What role did defendants play, if any, in disrupting or changing events of January 6, 2021?
6. What signage, flyers, or other indicators might have indicated any restrictive status to defendants.
7. What staffing or officers was present to indicate any restrictions to defendants.
8. The appearance, circumstances, and setting experienced by defendants.
9. If areas were restricted, what process was followed?
10. Who has or claims authority to restrict areas?
11. Who can end or lift restrictions?  What is the process?
12. If barriers or signage was erected, when and how were such barriers or signage moved?

Realistically, there is nothing in the cross-examination of any Secret Service witness that will in any way jeopardize Capitol security, national security, or the ability of the Secret Service to guard protectees.

In 1971, shortly after the Weather Underground bombed parts of the Capitol, the U.S. Senate Committee on Public Works, Subcommittee on Public Buildings and Grounds issued an official report of its emergency hearing, "*Security on the Capitol Grounds Relating to the Bombing of the U.S. Capitol,*" March 2, 1971, p. 1.  The Senate report stated that "The Capitol . . . is no ordinary building.  It is the seat of the legislative branch of our Government. It is not only a working building, but one of our national shrines and as such must be open to the public. Thus, unique problems are involved when we consider the security of this building.  It . . . must also be freely accessible to the public as a symbol of the national liberty we cherish"). The Senate's sergeant at arms, Robert G. Dunphy, stated that "the Capitol building has always operated with its doors open to all citizens and visitors from all over the world." *Id*. P. 2.

Yet the government in its Motion in Limine seeks to depict the Capitol as a top-security, nearly prisonlike, facility where supersecret plans for protecting the Vice President supercede all Defendant rights.  The government writes that "the very nature of the Secret Service's role in protecting the Vice President and his family implicates sensitive information related to that agency's ability to protect high-ranking members of the Executive branch and, by extension, national security."

The Defendants have a right to put on a defense.  And the government cannot limit their defense by claiming evidence of their defense "implicates sensitive information. . ." Defendants submit that the government's motion in limine is aimed partially at deceiving the Court and potentially the jury regarding the level of "security" on Capitol grounds from showing their innocence.

For these reasons, Defendants GREGORY RICHARD PURDY and ROBERT TURNER ask for an order DENYING the Government's Motion in Limine.

Respectfully Submitted,

| /s/Dylan G. Barket, Esq. | /s/ George T. Pallas |
|---|---|
| Florida Bar Number: 1026381 | *GEORGE T. PALLAS, ESQ.* |
| DC DISTRICT ID: FL00128 | Bar No: FL0108 |
| | |
| **BARKET LAWYERS** | **GEORGE T. PALLAS, P.A** |
| *Counsel for Gregory Richard Purdy* | *Counsel for Robert Turner* |
| CONCORDE BUILDING - 7TH FLOOR | 2420 SW 22nd Street |
| 66 W. FLAGLER STREET | Miami, FL 33145 |
| MIAMI, FL, 33130 | 305-856-8580 |
| TELE: (305) 373-6711 | 305-860-4828 FAX |
| DYLAN@BARKETLAWYERS.COM | george@pallaslaw.com |
| PLEADINGS@BARKETLAWYERS.COM | |