**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| | : | |
| GREGORY RICHARD PURDY, *et al* | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS GREGORY RICHARD PURDY AND ROBERT TURNER'S RESPONSE TO GOVERNMENTS MOTION IN LIMINE, DOCKET ENTRY 101**

**COMES NOW**, the Defendants, GREGORY PURDY and ROBERT TURNER, by and through their respective counsels, and files this Response to the Government's Motion in Limine, Docket Entry 101, which seeks to exclude "(1) claims that they were entrapped, (2) that former President Trump (or any other Executive Branch official) gave permission for them to enter or attack the U.S. Capitol, which would raise the affirmative defenses of public authority or entrapment by estoppel, (3) claims that by allegedly failing to act, law enforcement made the Defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (4) any assertion concerning alleged inaction by law enforcement unless the Defendants specifically observed or were otherwise aware of such conduct."

**THE DEFENDANTS SHOULD NOT BE PRECLUDED FROM ARGUING PUBLIC AUTHORITY**

The public authority defense is "available only when the official's statements or conduct state or clearly imply that the defendant's actions are lawful." United States v. Carpenter, CR 21-305 (JEB), 2023 WL 1860978, at *2 (D.D.C. Feb. 9, 2023) (quoting Sheppard, 2022 WL 17978837, at *9).

> "Our exciting adventures and boldest endeavors have not yet begun. My fellow Americans, for our movement, for our children, and for our beloved country.
>
> And I say this despite all that's happened. The best is yet to come. So we're going to, we're going to walk down Pennsylvania Avenue. I love Pennsylvania Avenue. And we're going to the Capitol, and we're going to try and give.
>
> The Democrats are hopeless — they never vote for anything. Not even one vote. But we're going to try and give our Republicans, the weak ones because the strong ones don't need any of our help.
>
> We're going to try and give them the kind of pride and boldness that they need to take back our country.
>
> So let's walk down Pennsylvania Avenue."

And

> "I know that everyone here will soon be marching over to the Capitol building to peacefully and patriotically make your voices heard,"

In November 2022, when Chinese citizens protested against the Communist Party's zero-COVID policy, a White House official, National Security Council spokesperson John Kirby, spoke in favor of the legality of the protesters' actions.

> "This is, I think, a moment to reassert what we believe in when it comes to free assembly and — and peaceful protest. And we've done that and will continue to do that, whether it's people

protesting in Iran or China or anywhere else around the world."[1] And our message to peaceful protesters around the world is the same and consistent: People should be allowed the right to assemble and to peacefully protest policies or laws or dictates that they take issue with. *Id*. The White House supports the right of peaceful protest. *Id*.

On January 6, 2021, the president of the United States, Donald J. Trump, gave a speech at the Elipse to over a hundred thousand supporters. Trump urged his supporters to march on the Capitol. "I know that everyone here will soon be marching over to the Capitol building to peacefully and patriotically make your voices heard," said Trump. Just as the current administration official's statements clearly imply the actions of protesters in China are lawful, former President Trump's statements clearly imply Defendants actions are lawful, with the only stipulation being that the Defendants would have to protest peacefully and patriotically.

Here, the Former President specifically instructed protestors to "walk down Pennsylvania Aveneue" and "march[] over to the Capitol building to peacefully and patriotically make your voices heard".

In part, the Defendants are charged with 18 U.S. Code § 1752, Entering and / or Remaining in Restricted Grounds. The Defendants reliance on statements by the President of the United States is an affirmative defense. Accordingly, the Defendants have a right to present

---

[1] *Press Briefing by Press Secretary Karine Jean-Pierre and National Security Council Coordinator for Strategic Communications John Kirby*, WHITE HOUSE, Nov. 28, 2022, https://www.whitehouse.gov/briefing-room/press-briefings/2022/11/28/press-briefing-by-press-secretary-karine-jean-pierre-and-national-security-council-coordinator-for-strategic-communications-john-kirby-4/.

evidence supporting this defense.

## **LAW ENFORCEMENTS BEHAVIOR IN ANALYZING QUESTIONS OF FACT IS RELEVANT AND NON-PREJUDICIAL**

An invitee is a person who enters another's property with the owner's express or implied invitation. Trespass is knowingly entering another owners' property or land without permission, which encroaches on the owners' privacy or property interests.

In this case, the Government seeks to preclude any mention or evidence that officers "made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful". The Government is tasked with proving beyond a reasonable doubt that the Defendants "knowingly enter[ed] or remain[ed] in any restricted building or grounds without lawful authority to do so" – for obvious reasons, the response of law enforcement is highly relevant to this matter.

Questions of fact often have to do with the particular details of the case. For example, whether or not the defendant is guilty is a question of fact. Whether or not the officers behaviors, actions, and *inaction* could have lead the Defendants to believe that their actions were justified, or alternatively, that they were not breaking the law.

The Constitution guarantees a criminal defendant a meaningful opportunity to call witnesses in order to present a complete defense. *See, e.g., Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' ") (citation omitted); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."). The right is grounded in the Sixth Amendment's Compulsory Process Clause and is a component of the due process of law required by the Fifth Amendment. *Heath v. United States*,

26 A.3d 266, 275 (D.C. Appeals 2011).

A defendant's Sixth Amendment right had been violated when a trial court refuses to let him cross-examine the witnesses who testified against him at his trial. *Brookhart v. Janis* 384 U.S. 1 (1966). In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), the Supreme Court held that in order to fulfill the procedural due process inherent in the Confrontation Clause, a criminal defendant must have the opportunity to cross-examine testimony that has been made against him. In an analogy the *Melendez-Diaz* Court made, "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes."

The question of law enforcements conduct and behavior on January 6 is a central issue in the case.  In this case the Defendants were in many ways typical of participants in January 6 demonstrations for fair elections.  They arrived at the Capitol after many barriers and/or signs were removed under circumstances where a reasonable person might assume there had been previous negotiations, stipulations, and/or agreements among stakeholders that protestors could legally enter the Capitol and/or grounds.  The evidence of police acquiescence is entirely relevant and material to the defendants' defense. See *Richmond v. Embry*, 122 F.3d 866, 872 n. 5 (10th Cir.1997) ("[T]he Supreme Court has dictated a 'materiality,' or outcome-driven test," which focuses on whether admitting the evidence would have "create[d] reasonable doubt that did not exist without the evidence.") (citing *United States v. Valenzuela–Bernal*, 458 U.S. 858, 868 (1982)). Taylor v. Illinois, 484 U.S. 400, 408 (1988). "In a close case, 'additional evidence of relatively minor importance might be sufficient to create a reasonable doubt' " and hence satisfy its test of materiality. *Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir.2000) (citations omitted).

Here the very evidence that the government seeks to preclude constitutes the evidence that will likely establish a reasonable doubt regarding Defendants guilt. Defendants entered the Capitol Grounds and/or the Capitol under circumstances where—to say the least—the legality of doing so would have been an open question for any reasonable person. Thus, "(1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct at the time he committed the offenses charged in the Information" must be allowed.

## GOVERNMENTS MOTION ADMITS EVIDENCE THEY ARE ATTEMPTING TO PRECLUDE IS RELEVANT

The Governments Motion in Limine states that this Honorable Court should preclude "any assertion concerning alleged inaction by law enforcement **unless the Defendants specifically observed or were otherwise aware of such conduct**" (Governments Motion in Limine, ECF 101, Page 1)

The Governments statement of facts then admits that "the Defendants attended the "Stop the Steal" rally, then joined the crowds that approached the Capitol on Pennsylvania Avenue, NW (*Id* at Page 2). . . . and that "At approximately 2:15 p.m., Gregory Purdy ran past an officer towards an exit door leading to the plaza on the East side of the Capitol. Seconds later, Gregory Purdy re-entered the Capitol through that door and ran back past the officer and rejoined

Matthew Purdy and Robert Turner down the hallway. At approximately 2:16 p.m., the Defendants exited the Capitol through the Senate Carriage Door, which leads to the plaza on the East side of the Capitol. (*see* Figure 8)." *Id* at Page 7 – the Government subsequently attaches a picture of the Defendants walking right past a group of officers who are escorting protestors out of the office, the exact conduct the Government is requesting be exluded for lack of witnessing or observing.

## CONCLUSION

For the above-mentioned reasons, the Governments Motion in Limine, Docket Entry 101, should be DENIED.

Respectfully Submitted.

| /s/Dylan G. Barket, Esq. | /s/ George T. Pallas |
|:---:|:---:|
| Florida Bar Number: 1026381 | *GEORGE T. PALLAS, ESQ.* |
| DC DISTRICT ID: FL00128 | Bar No: FL0108 |
| | |
| **BARKET LAWYERS** | **GEORGE T. PALLAS, P.A** |
| *Counsel for Gregory Richard Purdy* | *Counsel for Robert Turner* |
| CONCORDE BUILDING - 7TH FLOOR | 2420 SW 22nd Street |
| 66 W. FLAGLER STREET | Miami, FL 33145 |
| MIAMI, FL, 33130 | 305-856-8580 |
| TELE: (305) 373-6711 | 305-860-4828 FAX |
| DYLAN@BARKETLAWYERS.COM | george@pallaslaw.com |
| PLEADINGS@BARKETLAWYERS.COM | |