IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GREGORY RICHARD PURDY, JR., MATTHEW PURDY, and ROBERT TURNER, <br><br> Defendants. | CASE NO. 22-cr-19 (RCL) |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO CONTINUE**

The Court should deny the defendants' motions to continue the April 22, 2024, trial date.[1] The defendants have identified no sound basis for granting a stay pending *Fischer*, much less for granting the continuance they request. Counsel for both Gregory Purdy and Robert Turner were well-aware of the pending trial date set by the Court nearly a month ago when they agreed to their representations of the defendants, and a delay would unduly prejudice the government's prosecution of this case and the public's right to a speedy trial. For these reasons, the defendants' motions should be denied.

**INTRODUCTION**

The defendants were initially charged by Complaint on November 4, 2021. Gregory Purdy was appointed counsel from the Criminal Justice Act (CJA) Panel and was initially represented by attorney Robert Jenkins. *See* ECF No. 11. Matthew Purdy was appointed CJA counsel and was initially represented by attorney Christopher Macchiaroli. *See* Minute Order, Nov. 18, 2021,

---

[1] The government additionally opposes Gregory Purdy's "Emergency Motion for Continuance and Status Conference" (ECF No. 115). Given the reasons stated in that motion are largely subsumed by Robert Turner's motion (ECF No. 108) the government is filing one opposition to both motions.

Robert Turner was later added to the case, similarly appointed counsel, and was initially represented by Assistant Federal Public Defender (FPD) Sabrina Shroff. *See* Minute Order, Nov. 30, 2021.

On January 14, 2021, the grand jury returned a nine-count indictment charging Gregory Purdy and Robert Turner with Counts One through Nine of the Indictment and charging Matthew Purdy with Counts Four, Five, Seven, and Nine. *See* ECF No. 22. On April 28, 2022, the FPD's office replaced Assistant FPD Shroff with Assistant FPD Edward Smock.

On June 28, 2022, Gregory Purdy, by his personal motion, requested that the Court allow Mr. Jenkins to withdraw from his representation of Gregory Purdy due to "irreconcilable differences which [prevent] effective representation." ECF No. 34. On July 6 and 7, 2022, attorney Marc Eisenstein and Barry Coburn entered appearances for Gregory Purdy and the Court granted Mr. Jenkins's motion to withdraw on July 12, 2022. *See* ECF Nos. 35 & 36, and Minute Order, Jul. 12, 2022.

On February 6, 2023, Robert Turner similarly requested new counsel, "indicat[ing] that he [did] not wish to be represented by" Mr. Smock. *See* ECF No. 49. On February 9, 2023, two Assistant FPDs, Deke Falls and Brittany Sherron, were appointed to represent Robert Turner. *See* ECF Nos. 52 & 53. On February 13, 2023, the Court granted Mr. Smock's request to withdraw. *See* Minute Order, Feb. 13, 2023.

In October 2023, Mr. Coburn, Mr. Falls, Ms. Sherron, and Mr. Macchiaroli all moved to withdraw as counsel. *See* ECF Nos. 82-85. The defendants had retained private counsel, Melissa Issak, to represent all three in this matter. *See* ECF Nos. 86 & 87. The United States registered the potential for conflicts of interest arising between the three defendants proceeding with one counsel. *See* United States' Response to Defendants Motion to Withdraw as Counsel, ECF No. 86, at 7.

2

The United States requested the Court conduct an interview of the defendants to ensure their waiver of conflicts was fully knowing and voluntary. *See Id.* On December 18, 2023, this Court found that the defendants' waiver of their right to conflict-free representation was knowing, intelligent, and voluntary; the Court accordingly granted the prior attorneys' requests to withdraw. *See* Minute Order, Dec. 18, 2023.

After over two years of continuances and delays—due in large part to defendants' constant legal turnover—on February 29, 2024, this Court set this case for its current April 22, 2024, trial date. By then, Ms. Issak had been on the case for six months. Almost a month later, Gregory Purdy and Robert Turner each hired an additional (and distinct) trial counsel. *See* ECF Nos. 105 & 107. No reason was given for this change of heart. On March 22, 2024, defense counsel requested the government's position with respect to a potential continuance. Defendant Robert Turner, apparently joined by the Purdys, now asks this Court to continue the trial date for "reasons." *See* ECF Nos. 108 and 115.

## ARGUMENT

### A.   Legal Standard

Staying one case while "a litigant in another [case] settles the rule of law that will define the rights of both"—as the defendants are effectively requesting by invoking the Supreme Court's certiorari in *Fischer*—is granted "only in rare circumstances." *Asylumworks v. Mayorkas*, No. 20-CV-3815 (BAH), 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))). When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481

3

U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id*. at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id*. at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

Additionally, in the context of a continuance for new counsel (as the defendants are also suggesting here), a defendant's Sixth Amendment right to continued representation is not absolute where a continuance is sought to retain or replace counsel of choice. *See United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A defendant's right to counsel, "must be carefully balanced against the public's interest in the orderly administration of justice." *Id*. When considering a motion for a continuance based on new counsel, a trial court should weigh the following factors:

> [T]he length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; [and] the complexity of the case

*U.S. v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013) (quoting *Burton*, 584 F.2d at 490-491).

### B.     The Court Should Deny the Defendants' Motion to Continue and/or Stay

The defendants' motions should be denied because all relevant factors weigh against their request. The government already responded to a defense motion to stay pending the Supreme Court's grant of certiorari in *Fischer*. *See* ECF No. 113. Instead of repeating those arguments here,

4

the government hereby incorporates all its arguments against a stay based on the pendency of *Fischer*.

The defendants' request for a continuance based on their recent addition of additional attorneys fares no better, as the defendants have failed to satisfy the applicable *Burton* factors. First, this case has been pending and indicted for over two years, and the requested continuance of 60 to 90 days unduly prejudices the government and would "significantly [disrupt] the schedules of the court and the prosecution." *U.S. v. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990) (J. Thomas). Since the Court set the April 22 date, the government has begun in earnest to prepare for trial, finalizing exhibits, interviewing witnesses, and scheduling witness travel and availability.

Second, defendants have, in total, requested new counsel four times with multiple continuances granted each time to facilitate defendants' requests. The government did not oppose those continuances. Now, defendants request further delay so their new *additional* counsel can prepare for trial. The defendants, however, are not starting from scratch with their representation. Although Ms. Issak filed a motion to cease representing two defendants, she is nonetheless remaining on the case and will be able to continue the defendants' presumably ongoing trial preparations. Further, Mr. Barket and Mr. Pallas have experience trying cases related to the riot that occurred on Capitol grounds on January 6, 2021, and so are familiar, at a minimum, with the foundational background facts of the events of that day. *See, e.g.*, *United States v. Wren et al.*, 21-cr-599 (RBW) (trial commenced April 17, 2023).

Third, the defendants are directly responsible for the requested delay, as they waited until recently—approximately a month before trial—to obtain additional counsel. They cannot persuasively point to their own actions as prejudicial against their defense. Further, as stated above, Mr. Barket and Mr. Pallas are *joining* the defense team, not *replacing* Ms. Issak as counsel for the

defendants. The *Burton* factors specifically contemplate this scenario and weigh against granting a continuance. *See Burton*, 584 F.2d at 490-91. Indeed, when faced with a similar situation of a last-minute replacement of counsel, the Court of Appeals in *United States v. Poston* upheld the trial court's decision to deny the continuance. 902 F.2d at 97. To ensure continuity of counsel, the trial court required the defendant's prior counsel to remain on to assist the new attorney. *Id.* Here, the Court need not even take that prophylactic step as Ms. Issak is not leaving the case. If anything, the *addition* of counsel to the defense team will *aid* Ms. Issak's preparation for trial. With the addition of two defense counsel with experience in January 6-related trials, the defendants are, presumably, already *better off* now than they were when this Court set the April 22 trial date.[2]

Finally, the defense cites no reason for the late addition of counsel in this matter and points to no specific prejudice that the defendants would suffer if the Court were to deny the continuance. *See Eliand*, 738 F.3d at 366-67 ("In order to obtain reversal, an appellant must show that actual prejudice resulted from denial of the continuance.") (quoting *United State v. Celis*, 608 F.3d 818, 839 (D.C.Cir. 2010). To the contrary, although the Court is not required to make such a finding in this case, the defendants' failure to provide a sound justification for the timing of their actions and request could itself be viewed as indicative of a "dilatory, purposeful, or contrived" motive. *See Burton*, 584 F2d at 490-91; *See also Poston*, 902 F.2d at 97 ("Since [defendant] provided no justification for the delay in selecting new counsel, the trial court could reasonably have concluded that his motion was dilatory, purposeful, or contrived.") (external quotations and citations omitted).

---

[2] In fact, Mr. Pallas specifically advertises his experience in cases relating to the riot at the Capitol on January 6, 2021, in his biography found on his firm's website. *See* https://www.duimiamilawyer.com/attorney/pallas-george-t/ (last accessed March 27, 2024).

**CONCLUSION**

The defendants' motions to continue fail the *Burton* factors for granting a continuance in this matter. Many continuances have been granted in this case specifically to allow defendants to change counsel four times. Defendants have pointed to no specific prejudice they would suffer without a continuance, and none exists. Finally, as the government explained in its prior filing, no stay is warranted because of the Supreme Court's grant of a writ of certiorari in *Fischer*. The defendants' motions should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Kyle M. McWaters*
      Kyle M. McWaters
      Assistant United States Attorney
      D.C. Bar No. 241625
      LYNNETT M. WAGNER
      Nebraska Bar No. 21606
      Assistant United States Attorney
      601 D Street NW
      Washington, DC 20530
      (202) 252-6983
      kyle.mcwaters@usdoj.gov
      (402) 661-3700
      lynnett.m.wagner@usdoj.gov
