UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY RICHARD PURDY, JR.,<br>MATTHEW PURDY, and<br>ROBERT TURNER,<br><br>Defendants. | Case No: 1:22-CR-19-001 (RCL) |

### REPLY TO UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO CONTINUE

The United States of America [hereinafter referred to as "United States"] has opposed the motion to continue filed by the Defendants, stating that there has been no sound basis to grant such continuance and further alleging that there is no basis to grant the requested stay. The Defendants aver that the United States has deliberately withheld necessary discovery and to date, has refused to disclose relevant and necessary material required to adequately defend against the changes brought by the United States.

**Motion to Stay citing *USA v. Fischer*.**

1. The United States avers that the Defendants have not adequately argued for a stay pending resolution of the *Fischer* matter in the Supreme Court of the United States. The Defendants disagree, and further proffer that the United States' reading of the Section 1512(c)(2) is unprecedented and fails to give the words in the statute their "ordinary, contemporary, common meaning." *Walters v. Metro. Educ. Enters. Inc.*, 519 U.S. 202, 207 (1997). Paradoxically, prior to the January 6 indictments against the protestors the government interpreted the statute

consistently with the D.C. Circuit which reversed the lower court, finding that there is no precedent for applying Section 1512(c) to conduct unrelated to evidence impairment, and that such application was beyond Congress' expressed purpose. Memorandum from Ass't Att'y Gen. Office of Legal Counsel, Steven Engel & Principal Assoc. Deputy Att'y Gen., Edward C. O'Callaghan to Att'y Gen. William P. Barr at 3-5 (March 24, 2019). The arguments made in the *Fischer* case are likely to succeed on the merits.

2. Beyond a likelihood of success on appeal, absent a stay pending the *Fischer* matter, the Defendants will suffer irreparable harm if the stay is not granted. Proceeding to trial with a statistically bias jury who would be provided misconstrued instructions regarding the charge which would lead to unlawful verdicts and sentences. The only way to preserve the integrity of the judicial process, the rights of the Defendants and to give consideration to judicial economy is for this Honorable Court to grant a stay pending the outcome of the *Fischer* case. A stay would further limit any possible appellate issues and reduces the risk that the Defendants would serve more time than they would have been required post *Fischer*.

3. As touted by the United States in their opposition motion, this matter has been pending for over two years. However, the United States has suffered no prejudice or injury. The Defendants have complied with every requirement imposed by the United States, and will continue to do so during the pendency of the stay, if such is granted. The public interest tied to fair proceedings is

undeniable. In fact, the issues in *Fischer* are of such interest to the public, that Amicus Curiae Brief's in support of Mr. Fischer have been filed by organizations such as Formerfeds Group Freedom Foundation et. al., America's Future et. al., the Lonang Institute, Brief of 23 Members of Congress to include Jim Jordan and Tom Cotton, Liberty Counsel, America's Future, Gun Owners of America, Citizens United and various other individuals and organizations who have shown an interest in the outcome of the *Fischer* matter. Beyond the hundreds of January 6 defendants who would be directly impacted by the *Fischer* ruling, the public interest in the outcome of this case is undeniable. The Defendants, once again, aver that a Stay of this matter is now only warranted, but necessary.

**Defendants Motion(s) to Continue**.

4. On February 29, 2024 this Honorable Court held a status conference, wherein the undersigned counsel Melissa L. Isaak appeared via zoom, with a loss of voice to such an extent she was told to also telephone the Court. Upon doing so, she informed the Court that there was a chance she would be appointed to a Judgeship in the State of Alabama. Without allowing much explanation, Hon. Lamberth became upset and would not allow Attorney Isaak to speak, and set the matter for trial on April 22, 2024. It was after the display of anger, disregard and animus toward Attorney Isaak did the Defendants become concerned and Defendants Rob Turner and Gregory Purdy retained individual retained counsel. The retaining of additional counsel was NOT done for the purpose of delay, rather out of concern given the presentation by the Court as well as the

statements recently made by the Court which formed the basis for the Defendant's Motion to Recuse. After counsel were retained for Gregory Purdy and Rob Turner, Attorney Melissa L. Isaak filed a motion to withdraw as counsel for the two Defendants. The Motion to Withdraw remains pending.

**United States withholding discovery.**

5. Reviewing the discovery in this matter has been arduous, burdensome and problematic given the willful and intentional refusal by the United States to disclose all relevant and required material. In fact, during a telephone conference where all counsel were present, Counsel for the United States admitted to making available a "short version" of a pertinent video which was specifically requested via letter on February 26, 2024. The videos produced by the United States in March of 2024 contain HOURS of videos not previously provided. The United States' production dated March 12, March 14 and March 15 all contained information which was not provided as "case specific", rather counsel were informed that it was available via "global." The sheer amount of information contained in Global is so voluminous that no defense lawyer is expected to be able to obtain anything case specific without extreme undue burden. However, that is exactly what has happened in this case. Much of the body cam footage of the various officers who made contact with the Defendants on January 6 was first disclosed in March of 2024 after specifically requested by the Defendants. To date, there is discovery which has not been disclosed which

has made an exhibit list difficult, if not impossible based upon the hindering by the United States.

6. On February 26, 2024, Attorney Melissa Isaak sent a discovery letter to the United States, laying out with specificity what was requested. In response, the United States did produce multiple body cam videos, but said production was made approximately five weeks prior to the scheduled trial of April 22, 2024. Further, the Defendants requested information related to surveillance and/or gathering of information in violation of Section 702 of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. 1881 related to the Defendants. None of the requested information has been provided.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that this Honorable Court grants their request to Continue and/or Stay this matter and address the withholding of discovery prohibiting the Defendants the ability to fully defend themselves against the charges brought by the United States.

Respectfully Submitted,

/s/Melissa L. Isaak, Esq._____
Melissa L. Isaak
Alabama Bar Number: 4872-A59I
Florida Bar Number: 54668
Admitted pro hac vice
2815 Zelda Road, Suite B
Montgomery, AL 36106
334-262-8200
Melissa@ProtectingMen.com