UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| GREGORY RICHARD PURDY, *et al* | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATION

**COMES NOW,** Defendant, Gregory Richard Purdy Jr., by and through undersigned counsel, and files this Motion to Dismiss Indictment for Speedy Trial Violation, and would state in support thereof the following:

## STATEMENT OF FACT

On January 06, 2021, officers of various jurisdictions, including the Metropolitan Police Department (MPD), were called in to assist federal officers, namely US Capitol Police, in the protection of the US Capitol.

It is alleged that Defendant, Gregory Purdy, rushed a line of officers, thereby assaulting Officers A.S. and C.K., in violation of 18 U.S.C. 111(a).





Purdy was immediately apprehended, re-directed to the ground by a group of officers and handcuffed.  Following this arrest, Mr. Purdy was escorted, in handcuffs, into the US Capitol. He is, at no time, not free to leave.



Mr. Purdy is then escorted through a labyrinth of hallways, all while handcuffed and in police custody, where he ultimately reaches the Rayburn building, where he is further held.





      While at the Rayburn Building, Officer [O.A] with custody over Mr. Gregory Purdy explains that he will be taken to the station, booked, see a Judge, and will be released tomorrow morning for "APO", shorthand for "Assaulting a Police Officer". (See Gov. Discovery, 2024.03.29 – 611.11 BWC).

      At 19:00 of Officer A. Walsh's BWC, an unidentified Sargent from the US Capitol Police states to an unknown individual on the telephone:



"These two prisoners, are in custody of MPD, they were passed to them, they are not clear . . ."

After a significant period of time, an officer informs Purdy that "it is his lucky day" – and that they are not processing individuals currently, and Mr. Purdy is released.

In an interview of Officer M.J. provided by the government on 03/29/2024, Officer M.J. states that he works for National Park Service and that he recalls a "white guy with light hair/eyes" identifying Purdy, and "indicating the individual jumped over the police line and was subsequently handcuffed and detained. [M.J] maintained detention of the individual until he was told, Capitol Police decided to release the subject. . . . [M.J] indicated that Capitol Police had jurisdiction and declined to process the individuals." (See Government 03/29/2024 Discovery, r_R_Interview_of_Police_[M.J].pdf)

Likewise, in an interview with Detective Sargent (SGT) O.A., "he remembered assisting officers with a detained individual. . . . O.A. recognized the person detained. . . .[he] recalled his job was to take detained persons to the back, because he was under the impression they committed a crime, likely an assault. . . . [O.A.] explained the process of the arrest and what was happening during the processing, telling detained individuals there would be no bail, they would see a judge, and subsequently released. . . . [O.A.] stated Capitol Police made the decision not to process the arrests. . . .[O.A.] did not tell the individuals they would or would not be charged, only that they were not being processed. . . . [O.A.] did not see what the two individuals did and did not witness their actions. [O.A.] is unaware of a reason as to why Capitol Police would not process the individuals. (See Government 03/29/2024 Discovery, r_R_Interview_of_Police_Officer_[O.A])

Officers struggled to uncuff Mr. Purdy, and ultimately resorted to cutting the cuffs off him before releasing him.



## ARGUMENT

The Magna Carta declared "[w]ee shall not . . . deny or delay Justice and right, neither the end, which is Justice, nor the meane, whereby we may attaine to the end, and that is the law." Much the same language was incorporated into the Virginia Declaration of Rights of 1776 and from there into the Sixth Amendment. The right to a speedy trial is a right of an accused, but it serves the interests of defendants and society alike.

The purpose of the Sixth Amendment's speedy trial mandate, a guarantee that the Court has termed, among other things as, "an important safeguard …to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Ewell*, 383 U. S. 116, 383 U. S. 120 (1966), has now been codified into the Speedy Trial Act of 1974.

The Speedy Trial Act, 18 U.S.C. § 3161(b) states: "(b) <u>Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which *such individual was arrested*</u> or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days." (emphasis added)

It is undeniable that Mr. Gregory Purdy was arrested on January 06, 2021. The statements by several Officers stated above, "[t]hese two prisoners, are in custody of MPD, they were passed to them, they are not clear . . .", the fact that Mr. Purdy was handcuffed, transferred into the Capitol, and then transported to the Rayburn Building. The fact that Mr. Purdy was told he would go to the station for booking and would "see a Judge in the morning" – all indicate that Mr. Purdy was not free to leave, was in custody, and under arrest.

Plain and simple, the government was required to "file[] within thirty days" "Any information or indictment charging an individual with the commission of an offense" . . . Thirty days would have been February 05, 2021. Even considering the additional thirty days provided by 18 U.S.C. § 3161(b) and the Speedy Trial Act, that would be March 07, 2021. Mr. Purdy was, in fact, re-arrested on 11/10/2021 – 308 days later. Mr. Purdy's Criminal Complaint and Statement of Fact was filed on November 04, 2021 (302 days later).

All of the allegations in the indictment and the Governments statement of fact arise out of the same common nucleus of operative fact for which Mr. Purdy was arrested that day. The government admits that the Metropolitan Police Department was at the Capitol to assist federal law enforcement officers of the U.S. Capitol Police in securing the Capitol and surrounding areas. The detaining officers make it abundantly clear, "Capitol Police decided to release the subject" (Officer M.J). . . . "[O.A.] stated Capitol Police made the decision not to process the arrests."

**WHEREFORE**, based on the foregoing, Defendant Gregory Richard Purdy Jr. requests that this Honorable Court DISMISS THE INDICTMENT WITH PREJUDICE the charges brought against him for a violation of his Speedy Trial Rights, and grant any other relief it deems necessary and just.

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

Respectfully Submitted,

/s/Dylan G. Barket, Esq.
Florida Bar Number: 1026381
DC DISTRICT ID: FL00128

**BARKET LAWYERS**
66. W. FLAGLER STREET
7TH FLOOR – CONCORDE BUILDING
MIAMI, FLORIDA, 33130
DYLAN@BARKETLAWYERS.COM
PLEADINGS@BARKETLAWYERS.COM
TELE: (305) 373-6711
FAX: (305) 373-4770