**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| **v.** | **Case No. 1:22-cr-19-RCL** |
| **GREGORY RICHARD PURDY**, *et al.*, | |
| *Defendants.* | |

## MEMORANDUM AND ORDER

Today, the Court held a status conference.  For the reasons stated orally, the Court **DENIED** defendants' motion for recusal, ECF No. 99; **GRANTED** Gregory Purdy's motion to continue the trial, ECF No. 115, and Robert Turner's motion to continue the trial, ECF No. 108; and **GRANTED** Ms. Isaak's motion to withdraw from representing Gregory Purdy and Robert Turner, ECF No. 114.  The Court will also **GRANT** Matthew Purdy's motion, ECF No. 112, to adopt all applicable motions, objections, and requests made by his co-defendants.  Having now conferred with counsel on the status of the discovery disputes, defendants' motion to compel discovery, ECF No, 98, is **DENIED** without prejudice to refiling.  In light of the continuance of this trial, the Court hopes counsel can resolve any remaining discovery disputes among themselves. However, if disputes remain, defense counsel may file a new motion or motions to compel, to be accompanied with a proposed order that describes the specific relief sought.

The Court also **DENIED** defendants' motion to stay the trial pending the Supreme Court's decision in *Fischer v. United States*, No. 23-5572 (U.S.).  It stated it would explain its reasoning in a forthcoming order, and will now do so.  Finally, the Court stated that it would reset certain deadlines, which it will do in this order.

## I.    Stay Pending *Fischer v. United States*

Defendants moved for a stay of the trial date pending the Supreme Court's decision in *Fischer*.  Omnibus Mot., ECF No. 99.  However, the Court concludes that defendants are not entitled to a stay of this trial.[1]

This Court has denied a similar motion in a previous case.  *See United States v. Harkrider*, Min. Entry, No. 21-cr-117-2 (RCL) (D.D.C. Dec. 21, 2023).  Numerous judges in this district have done the same.  *See*, *United States v. Carnell*, No. 23-cr-139, Mem. Op., ECF No. 75 (D.D.C. Jan. 4, 2024) (Howell, J.); *United States v. Spencer*, No. 21-cr-147-1, 2024 WL 578953, at *3–5 (D.D.C. Feb. 13, 2024) (Kollar-Kotelly, J.); *United States v. Warnagiris*, No. 21-cr-00382, 2023 WL 6926491, at *2 (D.D.C. Oct. 19, 2023) (Friedman, J.);  *United States v. Dunfee*, No. 23-cr-36, Mot. Hearing Tr. at 43–45, ECF No. 60 (D.D.C. Dec. 14, 2023) (Walton, J.).

As another court in this district has explained, "[f]our factors guide consideration of whether to grant a stay: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Carnell* Mem. Op. 2 (quoting *Nken v. Holder*, 556 U.S. 418, 434, (2009)).  "When the defendant is the government, factors (3) and (4) merge."  *Id.* (quoting *Zukerman v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023)).  In the Court's view, these factors all point toward denying a stay.

---

[1] Defendants also suggest the Court should stay the case because of "legal issues that defendants plan to argue further which are similar to those being resolved in *Fischer*," but not before the Supreme Court.  *See* Omnibus Mot. 10–13. Defendants make no attempt to explain why the existence of purported legal objections to the indictment should lead the Court to grant a stay rather than dismiss the indictment.  Perhaps they believe that *Fischer* will shed light on various aspects of § 1512(c) that are not squarely before the Supreme Court.  But if the Court will not stay this case pending resolution of the actual question presented in *Fischer*, it certainly will not stay the case based on the existence of supposedly "similar" issues.  Therefore, to the extent defendants seek a stay pending the Supreme Court's determination of these issues, the motion is **DENIED**.

First, the defendants have not established a likelihood of success on the merits.  The government points out that "[a]t this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute."  Gov. Opp'n to Omnibus Mot. 7, ECF No. 113.  Simply granting certiorari is not a sure sign that the Supreme Court will reverse, as the Supreme Court may well have granted for any number of reasons, for instance to settle the meaning of § 1512(c) after the D.C. Circuit's somewhat splintered opinion.  Further, defendants have made no effort to argue that the Supreme Court is likely to endorse the evidence-impairment reading of § 1512(c).  Therefore, this factor is not met.

Second, defendants have failed to show irreparable injury.  Defendants say that denying a stay would cause them irreparable harm because proceeding to trial and instructing the jury on § 1512(c) as currently interpreted by the D.C. Circuit "would lead to unlawful verdicts and sentences."  Reply in Support of Omnibus Mot. 2, ECF No. 122.  Of course, the jury could very well acquit these defendants on the § 1512(c) charge.  And even if the defendants are convicted and the Supreme Court then endorses the evidence-impairment reading of § 1512(c), that decision would come down before sentencing.  Remedies would be available to ensure the defendants were not inappropriately sentenced for this count.

If the government determined that the new interpretation of § 1512(c) does not apply to Gregory Purdy and Turner's conduct, it could move to dismiss the § 1512(c) charges under Fed. R. Crim. P. 48(a).  Alternatively, the government might take the position that the new, evidence-impairment interpretation of § 1512(c) actually still applies to the defendants' conduct, as the D.C. Circuit has suggested may be the case.  *See United States v. Brock*, 94 F.4th 39, 47 n.4 (D.C. Cir. 2024)*.*  In that case, the defendants could still move for a judgment of acquittal.  *See* Fed. R. Crim. P. 29.  Although Rule 29(c)(1) requires a motion for judgment of acquittal that is filed or renewed

after a jury verdict be filed within fourteen days of the verdict, the defendants could seek an extension of time, so long as they do so within that fourteen-day window. *See* Fed. R. Crim. P. 45(b)(1)(A). At that point, the Court would consider whether "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Alternatively, the defendants could move for a new trial under Rule 33(a). So, defendants are wrong to say that going forward with the trial may result in a "heavy burden on the defendants" from having to pursue a "direct appeal." Omnibus Mot. 9. Furthermore, a § 1512(c) conviction would not prejudice Gregory Purdy and Turner by forcing them to be detained pending sentencing, because the Court could grant release pending appeal or deny it based on their other felony charges.

Turning to the final stay factor, "a stay of proceedings would undermine the public interests in the timely adjudication of a case of great significance and give defendants an unfair advantage not granted to others convicted of violating Section [1512(c)(2)] based simply on the timing of their trial relative to the Supreme Court's grant of certiorari." *Carnell* Mem. Op. 6 (internal citation and quotation omitted). The Supreme Court's decision in *Fischer* is expected by the end of June. If the Court delayed the trial until then, over three-and-a-half years would have passed between the alleged criminal conduct and the trial. Delay would harm the public interest in the speedy resolution of this case and would increase the risk that by the time trial finally commenced evidence will disappear or witnesses' memories will fade.

For these reasons, the Court concludes a stay is not warranted. Defendants' motion to stay the trial until the Supreme Court's decision in *Fischer* is **DENIED**.

## II.   Scheduling

The Court **ORDERS** as follows:

1. **TRIAL**.  Trial of this matter shall commence on June 3, 2024 at 10:00 a.m. in Courtroom 15.  Counsel are advised that the Court does not intend to grant any further continuances of this trial date absent the most exigent circumstances.  This case is going to trial June 3.

2. **PRE-TRIAL CONFERENCE.**  The Court will schedule a pre-trial conference at a time to be determined.  The conference will take place via videoconference, provided the defendants consent.  The Court will rule on all pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary.

3. **PRE-TRIAL MOTIONS**.  All pre-trial motions shall be filed on or before April 22, 2024. Oppositions shall be due on May 2, 2024.  Replies shall be due on May 7, 2024.  The Court will schedule a hearing on the motion(s) as necessary.

4. **VOIR DIRE**. Counsel have already submitted  both a short narrative description of the case, to be read to prospective jurors, and proposed voir dire questions.  Any revisions or updates shall be submitted by May 7, 2024.

5. **PROPOSED JURY INSTRUCTIONS**.  Counsel have already filed proposed jury instructions.  Any revisions or updates shall be submitted by May 7, 2024.

6. **EXPERT WITNESSES**.  The parties shall disclose any expert witnesses accompanied by a brief description of each witness' area of expertise and expected testimony by May 7, 2024.

7. **EXHIBIT LISTS**.  The parties shall exchange lists of exhibits they intend to use in their cases-in-chief by May 7, 2024.  The parties shall file objections to the admissibility of exhibits to the extent practicable by May 14, 2024. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk.  The

written list of exhibits must contain a brief description of each exhibit.   At the commencement of trial, counsel shall furnish opposing counsel with a copy of their pre-marked exhibits and furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

8. **WITNESS LISTS**.  The parties shall exchange lists of witnesses in their cases-in-chief by May 7, 2024.  On that same date, the Government shall also provide to the Defense all *Brady* or *Giglio* material not previously provided pertaining to each witness on the list. Counsel will not be absolutely bound by the witness lists or the sequence.  In some cases, security concerns may justify nonidentification of witnesses by the Government until shortly before they are actually called.  In this situation, the Government will include the number of unidentified witnesses in the Witness List and separately identify those witnesses in a filing under seal.  The Defense agrees not to publicly disseminate the names of those witnesses.

9. **JURY SELECTION**.  The Court will summarize its jury-selection procedures at the pre-trial conference.

**IT IS SO ORDERED.**

Date: ___4- d- 24___

_____
Royce C. Lamberth
United States District Judge