**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** : | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| **GREGORY RICHARD PURDY,** *et al* | : | |
| | : | |
| **Defendants.** | : | |

**MOTION FOR BILL OF PARTICULARS**

    **COMES NOW**, Defendant Gregory Richard Purdy Jr. , through counsel, moves for a bill of particulars in accordance with Rules 7(f) of the Federal Rules of Criminal Procedure. A bill of particulars is necessary to adequately apprise Defendant of the scope of the Government's allegations and allow the Defendant to prepare a proper defense, avoid unfair and prejudicial surprise at trial, and sufficiently protect him against double jeopardy concerns.

    The events of January 6 occurred over a period of more than 3 hours, from just before 1:00 PM to after 4:00 PM. The discovery in this case involves an unprecedented 8.1 million files, including many thousands of hours of videos.

    Mr. Purdy seeks through this motion to learn what "acts" he is being accused of committing and the precise time and location where the alleged acts was committed.

    This information is necessary for Mr. Purdy to prepare his defense as the amorphous and protean nature of the charge creates a moving target. Like all January 6, cases, the Government has dumped voluminous discovery on the defendant, with hours of video and thousands of documents. It is impossible to know from this mountain of evidence which "acts" he is being tried for.

    A federal criminal trial is not a game of Foxes and Hounds.  Divulging the precise acts which constitute the alleged offense does not force the Government to reveal its trial strategy, it merely forces the Government to narrow the field. Withholding these facts serves no legitimate purpose, whereas providing this information to the Defendant and the Court will serve judicial economy by narrowing the scope of the trial.

**RELIEF REQUESTED**

    Defendant requests that the Court order the Government to specify in the form of a bill of particulars the act the Government intends to prove which constitutes a violation of 18 U.S.C. § 1752(a)(2), 18 U.S.C. § 1512(c)(1) and (2), 18 U.S.C. § 5104(e)(2)(D) and (e)(2)(G), on January

6, 2021. Specifically: (1) the specific act that allegedly violated the law; and (2) the time and specific location that the act occurred.

## ARGUMENTS AND AUTHORITIES

While an indictment need only allege "the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), a defendant may request additional information through a bill of particulars "to ensure that the charges brought against [him] are stated with enough precision to allow [him] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

Unlike a Rule 12 motion, the court may look beyond the indictment to determine, in its discretion, whether to direct the Government to file a bill of particulars. *See id.*; Fed. R. Crim. P. 7(f). "[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars" is generally not justified. Butler, 822 F.2d at 1193. A defendant may not use a bill of particulars as a "discovery tool or a devise [sic] for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F.Supp.2d 25, 29 (D.D.C. 1999). Similarly, if the deficiency can be "cured" by "discovery," then a bill of particulars is not warranted. *United States v. Mosquera-Murillo,* 153 F.Supp.3d 130, 152 (D.D.C. 2015).

In *United States v. Mostofsky*, No. 21-cr-138 (JEB) (D.D.C. July 27, 2021), the defendant made a similar motion for a bill of particulars requesting that the Government specify the acts that the defendant committed that violated 231(a)(3). The Court granted the motion. In that case, the Government had filed a statement of facts with the initial complaint. *Mostofsky,* No. 21-cr-138, ECF No. 1. Even with the statement of facts, the Court found the Defendant required more information to prepare his defense and accordingly ordered the Government to reveal what act the defendant took that allegedly falls under Section 231(a)(3). *Mostofsky*, No. 21-cr-138, at *5 (D.D.C. July 27, 2021). Here, although there is a statement of facts, Mr. Purdy should be entitled to the same relief.

Simply accusing the Defendant of engaging in the actions of many on January 6, 2021, does not provide enough information for the Defendant to prepare for trial. Withholding the information until trial does not serve the interest of justice or judicial economy. The relief sought is merely the answer to four basic questions about the offense: what, when, where, and who.

## CONCLUSION

For the foregoing reasons, the Court should order the Government to file a bill of particulars that specifies the (1) the specific act that allegedly violated the law; (2) the time and specific location that the act occurred;

## CERTIFICATE OF SERVICE

I certify that on this 18th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

Respectfully Submitted,

**BARKET LAWYERS**
CONCORDE BUILDING - 7TH FLOOR
66 W. FLAGLER STREET
MIAMI, FL, 33130
TELE: (305) 373-6711
DYLAN@BARKETLAWYERS.COM
PLEADINGS@BARKETLAWYERS.COM

/s/Dylan G. Barket, Esq.
Florida Bar Number: 1026381
DC DISTRICT ID: FL00128