**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | | |
| | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| | : | |
| GREGORY RICHARD PURDY, *et al* | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

# MOTION TO DISMISS COUNTS 4, 5, AND 8 OF THE INDICTMENT (MULTIPLICITY)

The Defendant, **GREGORY RICHARD PURDY JR**, through undersigned counsel and pursuant to Rule 12(b)(3)(B)(ii), Federal Rules of Criminal Procedure and the Double Jeopardy Clause of the United States Constitution, respectfully requests this Honorable Court to dismiss the aforementioned counts of the Indictment as multiplicitous. As grounds for this motion the Defendant would state:

1. The Defendant is charged by Indictment with:

**Count Four** - (Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(1))

**Count Five** - (Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(2))

**Count Six -** (Engaging in Physical Violence in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(4))

**Count Seven** - (Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(D))

**Count Eight** - (Act of Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40. United States Code, Section 5104(e)(2)(F))

**Count Nine** – (Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code 5104(e)(2)(G))

2. Convictions for all these counts would violate the Double Jeopardy Clause of the U.S. Constitution. Moreover, the unnecessary multiplication of counts will prejudice a jury against Mr. Purdy. Multiplicity arises when "an indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010), quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999). The Double Jeopardy Clause of the Constitution protects against "multiple punishments for the same offense." *Weathers*, 186 F.3d at 951, cert. denied, 529 U.S. 1005 (2000); U.S. Const. amend. V, cl. 2. Also, courts have recognized that charging the same offense in multiple counts can "unfairly increas[e] a defendant's exposure to criminal sanctions" because a jury may conclude that given the number of charges, the defendant must be guilty of something. *United States v. Clarke,* 24 F.3d 257, 261 (D.C. Cir. 1994), quoting

*United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), *abrogated on other grounds*, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001); see also *United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes"), quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997).

3. These five counts of the Indictment expose the defendant to double, and even triple jeopardy for the same alleged acts. The Double Jeopardy Clause protects criminal defendants against both successive punishments and prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)); see also *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008); *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013). When two different criminal statutes are violated, "the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Rutledge v. United States,* 517 U.S. 292, 297 (1996).

4. Count Six (Engaging in Physical Violence in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(4)), and Count Eight - (Act of Physical Violence in the Capitol Grounds or Buildings, in

violation of Title 40. United States Code, Section 5104(e)(2)(F)) are charging the same action twice. Stated another way, the indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010), quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999). These actions both arise out of the same common nucleus of fact – the alleged "assaults" Officer A.S. and C.K.

5. Moreover, many of the charges are lesser-included-offenses of the other charges. "Disorderly conduct" in a restricted area is a lesser-included offense of "Disorderly conduct" in the Capitol (Count Five and Count Seven).

WHEREFORE, based upon the foregoing, counsel respectfully requests that the Court dismiss the repetitive and multiplicitous counts of the Indictment.

### CERTIFICATE OF SERVICE

I certify that on this 22nd day of April 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

Respectfully Submitted,

**BARKET LAWYERS**
CONCORDE BUILDING - 7TH FLOOR
66 W. FLAGLER STREET
MIAMI, FL, 33130
TELE: (305) 373-6711
DYLAN@BARKETLAWYERS.COM

PLEADINGS@BARKETLAWYERS.COM

<u>/s/Dylan G. Barket, Esq.</u>
Florida Bar Number: 1026381
DC DISTRICT ID: FL00128