UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-cr-19 (RCL) |
| v. | : | |
| | : | |
| GREGORY RICHARD PURDY, Jr., | : | |
| MATTHEW PURDY, and | : | |
| ROBERT TURNER, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION AS MOOT TO**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States respectfully submits its opposition to the defendant Gregory Richard Purdy Jr.'s Motion for Bill of Particulars. ECF No 130. The defendant argues that the Indictment fails to sufficiently inform them of the charges against them so as to defend against the charges at trial. *Id.* Because the defense motion is moot and without merit, it should be denied.

**PROCEDURAL HISTORY**

The defendants were initially charged by Complaint on November 4, 2021. ECF No. 1. On January 14, 2022, the grand jury returned a nine-count indictment charging Gregory Purdy and Robert Turner with Counts One through Nine of the Indictment and charging Matthew Purdy with Counts Four, Five, Seven, and Nine. *See* ECF No. 22. On April 18, 2024, Gregory Purdy filed a motion for a bill of particulars. ECF No. 130. On May 1, 2024, the grand jury returned a thirteen count indictment against all defendants, including new and revised charges against Gregory Purdy. ECF No. 143.

1

**LEGAL STANDARD**

Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government provided extensive discovery that "allows Defendants to adequately prepare for trial").

Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Generally, an indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* (internal quotation marks omitted).

Moreover, a bill of particulars "is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation and not to provide the defendant with the fruit of the government's investigation." *Sanford Ltd.*, 841 F. Supp. 2d at 316 (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

## ARGUMENT

Because the government filed a superseding indictment, the original indictment returned January 14, 2022 is no longer the operative charging instrument. *See United States v. Neely*, No. 21-642, 2023 WL 1778198, at *2 (D.D.C. Feb. 6, 2023) (noting that the superseding indictment is the operative charging document); *See also United States v. Daniels*, 387 F.3d 636, 638 (7th Cir.2004) ("The district court also found the motion to dismiss Count I of the indictment on statute of limitations ground moot in light of the superseding indictment."), cert. denied, 544 U.S. 911, 125 S.Ct. 1610, 161 L.Ed.2d 288 (2005); *United States v. Rojas*, 7 Fed.Appx. 9, 11 (2d Cir.2001) ("[A]s the district court later found, the 404(b) motion was moot in light of the superseding indictment."); *United States v. Ben Zvi*, 242 F.3d 89, 94 (2d Cir.2001) ("[T]rial counsel did not pursue dismissal of the conspiracy count, taking the position ... that '[t]hat portion of the motion involving the statute of limitations [defect of the first indictment] was eventually

mooted by the Government's filing of the [Second Indictment].'"). The government's superseding indictment returned by the grand jury on May 1, 2024, mooted the defendant's motion for a bill of particulars because it requested more detailed information relating to an indictment that is no longer operative.

But even if, as a procedural matter, the superseding indictment did *not* moot the motion, it answered it in substance. The defendant's main issue with the government's indictment dealt mainly with the "more than 3 hours" of time that comprised the riot at the Capitol on January 6, 2021. ECF No. 130, at 1. Indeed, the defendant's specific complaint was that he did not know "what 'acts' he is being accused of committing and the *precise time* and location where the alleged acts was [sic] committed." *Id.* (emphasis added). The government's superseding indictment specifically charged Gregory Purdy in Counts One, Two, Three, Four, and Five with violations of 18 U.S.C. §§ 111(a)(1) and 231(a)(3). ECF No. 143, at 1-4. In those counts, the government specifically alleged the time frame during which those acts occur. Given the discovery already produced in this case over a month ago—not to mention the Statement of Facts initially filed in this case—the time frame of the acts is more than sufficient to clarify the specific acts the government alleged are violations of federal law.

The Indictment in this case provides the necessary information to inform the defendant of the charges, and to prepare a trial defense. *See* ECF No. 143; *see Butler*, 822 F.2d at 1193. Each count in the Indictment lays out the date and location of the alleged conduct, provides a plain statement about how the defendants violated the specific statute, and is accompanied by a citation to the specific statute violated. *See* ECF No. 143. Moreover, the defendants have been provided

a fulsome statement of facts, ECF No. 1 and case-specific discovery, which goes far beyond what is required under Rule 7.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny as moot the defendants' motions for bill of particulars.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     */s/ Kyle M. McWaters*
Kyle M. McWaters
Assistant United States Attorney
D.C. Bar No. 241625
601 D Street NW
Washington, DC 20530
(202) 252-6983
kyle.mcwaters@usdoj.gov

Lynnett M. Wagner
Assistant United States Attorney
Nebraska Bar No. 21606
601 D Street NW
Washington, DC 20530
(402) 661-3700
lynnett.m.wagner@usdoj.gov