UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| GREGORY RICHARD PURDY, *et al* | : | |
| | : | |
| Defendants. | : | |

# MOTION TO DISMISS SUPERSEDING INDICTMENT OR, IN THE ALTERNATIVE, FOR CONTINUANCE OF TRIAL

**COMES NOW**, Defendant, Gregory Richard Purdy, by and through his undersigned counsel and pursuant to Rule 48(b)(1), Federal Rules of Criminal Procedure, and moves to dismiss the Superseding Indictment (ECF 143 or, in the alternative, for continuance of trial, and would state in support thereof the following:

On May 02, 2024, a Superseding indictment was filed in this Honorable Court charging Defendant GREGORY PURDY with an additional three (3) felonies. Two (2) additional 231's, and One (1) additional 111(a).

Federal Rules of Criminal Procedure, Rule 48(b) states in part:

> "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>
> **(1) presenting a charge to a grand jury;**

    (2) filing an information against a defendant; or

    (3) bringing a defendant to trial."

The Original Indictment was filed on January 14, 2022 (See ECF #22). Now, eight hundred and thirty-nine (839) days later, the Government supersedes the original indictment.

On April 05, 2024, barely four (4) weeks ago, the Government stood before this Honorable Court and vigorously opposed Defendant's Motion for Continuance by representing to the Court that they were ready and prepared to go forward to trial and that discovery was complete. In a remarkable lack of candor to the Court, there was never any mention to anyone of a *possibility* that the Government may supersede. Thus, the Government was either sadly unaware, after more than three (3) years of investigation, of the Defendant's alleged conduct that has given rise to the additional three (3) felonies or they knew of this information and purposefully withheld it from counsel, and this Court, when selecting a date for trial. Either explanation, and there can be no other, is unacceptable

The introduction of new charges by the government 839 days after the original indictment challenges the boundaries of reasonableness and necessitates a rigorous evaluation of potential prejudice to the Defendant. The Defendant is actually prejudiced in several ways –

I. The ability to file Pre-Trial Motions has run in accordance with the scheduling order.

II. The Defendant has inadequate preparation time to gather new evidence, consult experts, and devise legal strategies relevant to the new charges.

III. The new charges complicate the legal landscape. They bring new facts, different legal issues, and significant additional complexity to the case.

IV. The new charges substantially increase the penalties Mr. Purdy is facing. Based on the new charges, he faces an additional potential exposure to eighteen (18) years.

While there are cases where preindictment delays are justified by scrivener's errors and the like, that certainly is not the case here. The government can claim that this is not "new evidence," and Defendant Purdy knew, or should have known, about these actions through discovery, therefore there is no need for a continuance of trial. The argument, however, cuts both ways – and, in this instance, in favor of the Defendant since the Government has unnecessarily delayed presentment of these charges to a grand jury for over two years and now, on the eve of trial, they indict the Defendant with these additional charges.

This Court is certainly deserving of an explanation.  And depending on its adequacy, will choose the proper course of action.

## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of May 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

Respectfully Submitted,

**BARKET LAWYERS**
CONCORDE BUILDING - 7TH FLOOR
66 W. FLAGLER STREET
MIAMI, FL, 33130
TELE: (305) 373-6711
DYLAN@BARKETLAWYERS.COM
PLEADINGS@BARKETLAWYERS.COM

/s/Dylan G. Barket, Esq.
Florida Bar Number: 1026381
DC DISTRICT ID: FL00128