UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREGORY RICHARD PURDY, *et al.*,<br><br>Defendants. | Case No. 1:22-cr-19-RCL |

## ORDER

On June 6, counsel for defendants Gregory Richard Purdy, Jr., and Robert Turner informed the Court of an alleged *Brady* issue involving MPD Officer A.S., whom the Superseding Indictment names as a victim in Counts Four (Civil Disorder) and Six (Assaulting, Resisting, or Impeding Certain Officers). Specifically, they asserted that this officer is under investigation for theft of firearms but that the government had never so informed the defense. The government responded that it did not include Officer A.S. on its witness list, never intended to call him, and intends to prove the assault on this officer without his testimony. The Court directed defendants to file an appropriate motion that evening.

The following morning, defendants filed two motions. First, they moved to compel the government to disclose evidence concerning Officer A.S. ECF No. 196. Second, they moved for the dismissal of Counts Four and Six or for a mistrial. ECF No. 197. Defendants' motions are "full of sound and fury, [s]ignifying nothing."[1] In other words, they are without merit and are **DENIED**.

---

[1] William Shakespeare, Macbeth act 5, sc. 5, ll. 30–31.

"[T]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, *Brady* and its progeny have established a specific standard for evidence the government must disclose. "There are three components of a true *Brady* violation." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). First, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching" of the government's witnesses. *Id.* Second, "that evidence must have been suppressed by the State, either willfully or inadvertently." *Id.* at 282. Third, the defendant must have "established the prejudice necessary to satisfy the 'materiality' inquiry." *Id.* "A defendant seeking to establish a *Brady* violation bears the burden of proving those three requirements." *United States v. Nichols*, No. 1:21-cr-00117-RCL, 2023 WL 6809937, at *5 (D.D.C. Oct. 16, 2023) (collecting cases). Under *Giglio v. United States*, "[w]hen a witness's credibility is determinative of guilt or innocence, such impeachment evidence is subject to *Brady*'s disclosure requirements." *United States v. Graham*, 83 F.3d 1466, 1473 (D.C. Cir. 1996) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)).

But here, Office A.S. is not testifying at trial. His credibility is not determinative of guilt or innocence. Defendants are thus wrong to argue they were denied evidence relevant for impeachment. Nor have defendants attempted to explain how an alleged victim's future suspected criminal activity would be exculpatory. Indeed, they have not given a single reason. Mr. Purdy and Mr. Turner have therefore failed to meet their burden of establishing that the purported evidence would be favorable. Nor have they established materiality, because they have made no effort to articulate how suppression of evidence relating to this non-witness's post-January 6 conduct prejudiced the defense. After all, the government did not deprive them of the ability to

2

effectively cross-examine Officer A.S., because he is not going to enter the witness stand. This issue is simply a red herring.

Since defendants have failed to meet their burden to show the favorability and materiality of the evidence concerning Officer A.S., the Court finds no *Brady* violation. Accordingly, it is hereby

**ORDERED** that Gregory Richard Purdy, Jr., and Robert Turner's Motion to Compel is **DENIED**; and it is further

**ORDERED** that Gregory Richard Purdy, Jr., and Robert Turner's Motion to Dismiss or for a Mistrial is **DENIED**.

**IT IS SO ORDERED.**

Date: 5/7/24

Royce C. Lamberth
United States District Judge