# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

v. : Case No. 1:22-CR-19-RCL-001

GREGORY RICHARD PURDY, :
*et al*

Defendants. :

## MOTION FOR ACQUITTAL AND NEW TRIAL

**COMES NOW,** Gregory Richard Purdy, by and through undersigned counsel, and files this Motion for Acquittal and New Trial, and would state in support thereof the following:

### I. STANDARD OF REVIEW

Rule 29, Federal Rule of Criminal Procedure, permits a District Court to enter a judgment of acquittal on any count of conviction if it finds that the evidence on that count is "insufficient to sustain a conviction." Fed. R. Crim. P. 29. In reviewing a motion for judgment of acquittal, the Court must view all evidence in the light most favorable to the Government, giving it the benefit of all reasonable inferences. See *United States v. Singleton*, 702 F.2d 1159, 1163 (D.C.Cir.1983); see also *United States v. Fennell*, 53 F.3d 1296, 1298 (D.C.Cir.1995).

Rule 33, Federal Rule of Criminal Procedure, permits a District Court "[to] vacate any judgment and grant a new trial if the interest of justice so requires" upon a defendant's motion. Fed. R. Crim. P. 33.

### II. PURDY SHOULD BE ACQUITTED OF THE 1512 COUNT

The Supreme Court held that to prove a violation of §1512(c)(2), the government must show that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in an official proceeding, or attempted to do so. The Court gave some examples of behaviors that would fall under 1512(c)(2)'s "catch-all" provision, such as creating fake documents, which is not specifically mentioned in 1512(c)(1).

The Court's opinion condemned the government's "unbounded interpretation" of sub section (c)(2) finding that it upset the careful delineation of different types of obstructive conduct in the 1512 statute. The government's lumping together of disparate types of conduct for which Congress had assigned proportionate sentences rendered the statute "superfluous." The Court held that "the Government's interpretation would give prosecutors broad discretion to seek a 20-year maximum sentence for acts Congress saw fit to punish with far shorter sentences." Accordingly, the Court found the 1512(c)(2) provision inapplicable and reversed the Circuit Court's reversal of the District Court's granting dismissal of this charge in a January 6 prosecution.

As the Court is aware, Mr. Gregory Purdy was charged under 1512(c)(2) for his actions on January 06, 2021. At trial, the Government's theme was that this was "an attack on democracy", that Mr. Purdy was "attacking the peaceful transfer of power", that Mr. Purdy did not want the certification to take place, and that his actions were aimed at attempting to obstruct the official proceeding of the certification in order to keep former president Donald Trump in office. Those arguments formed the basis for the 1512 charge against Mr. Purdy. However, there was no testimony, evidence, or witnesses called to testify that Mr. Purdy impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in an official proceeding, or attempted to do so.

The evidence at trial also showed that Purdy, like Fischer, was among those who entered the building. Purdy remained in the Capitol for less than 3 minutes. He entered through one doorway, walked down a hallway, and exited, never straying into any room within the Capitol.

Prior to trial, Purdy moved to dismiss the 1512 count, arguing that the provision criminalizes only attempts to impair the availability or integrity of evidence. This Court denied the motion. Accordingly, this Court should enter a Judgment of Acquittal as to Mr. Gregory Purdy relating to the 1512 count.

### *III. PURDY SHOULD BE GIVEN A NEW TRIAL ON THE OTHER CHARGES*

Based on the acquittal of the 1512 count, Mr. Purdy should be afforded a new trial. As stated above, the Government's theme was that this was "an attack on democracy", that Mr. Purdy was "attacking the peaceful transfer of power", that Mr. Purdy did not want the certification to take place, and that his actions were aimed at attempting to obstruct the official proceeding of the certification in order to keep former president Donald Trump in office.

Such rhetoric was highly inflammatory and prejudicial. While such theme was arguably relevant under the Court's then-understanding of the 1512 charge, following the conviction, and the subsequent clarification in *Fischer*, it has become clear that the probative value such evidence and theme is substantially outweighed by a danger of one or more of unfair prejudice, confusing the issues, and misleading the jury.

The trial evidence showed that on January 06, Mr. Purdy never impaired the availability or integrity of records, documents, objects, or other things used in an official proceeding. It was undisputed that Mr. Purdy remained in the Capitol Building for less than three minutes. He entered through west senate-wing doorway, walked down a hallway, and exited with his uncle and brother minutes later. Mr. Purdy never entered an office, congressional chambers, nor had any interaction with any records, documents, objects, or other things used in an official proceeding.

Prior to trial, Mr. Purdy moved to dismiss the 1512 Count, arguing that the provision criminalizes only attempts to impair the availability or integrity of evidence. This Honorable Court denied the motion. Without the 1512 charge, Mr. Purdy is alleged to have assaulted, resisted, or impeded officers in violation of 111, engaged in civil disorders in violation of 231, engaged in physical violence, entered and remained, among other misdemeanors. However, without 1512, there would be no allegation that Mr. Purdy attacked the peaceful transfer of power, that Mr. Purdy did not want the certification to take place, and that his actions were aimed at attempting to obstruct the official proceeding of the certification in order to keep former president Donald Trump in office. Such argument should be excluded under FRE 403 as unfairly prejudicial and confusing. The government would be limited to arguing that at best – Mr. Purdy was a rioter who assaulted officers and engaged in violence at the Capitol.

**WHEREFORE**, In the interests of justice, Mr. Purdy should be afforded a new trial, excluding any such "attack on democracy" themes, and going fourth

solely on the merits of the remaining charges, and be granted any other relief this Honorable Court finds necessary and just.

## CERTIFICATE OF SERVICE

I certify that on this 8th day of July 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

Respectfully submitted,

/s/Dylan G. Barket, Esq.
Florida Bar Number: 1026381
DC DISTRICT ID: FL00128

**BARKET LAWYERS**
CONCORDE BUILDING - 7TH FLOOR
66 W. FLAGLER STREET
MIAMI, FL, 33130
TELE: (305) 373-6711
DYLAN@BARKETLAWYERS.COM
PLEADINGS@BARKETLAWYERS.COM