UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY RICHARD PURDY, JR., MATTHEW PURDY, and ROBERT TURNER,<br><br>Defendants. | Case No. 1:22-cr-19 (RCL) |

**GOVERNMENT'S REQUEST FOR EXTENSION OF TIME TO FILE RESPONSES
TO DEFENDANTS ROBERT TURNER'S
AND GREGORY PURDY'S POST-TRIAL MOTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this request for extension of time until September 13, 2024, to respond to Defendant Robert Turner's Motion for Judgment of Acquittal (ECF 211) and Motion for New Trial (ECF 213), and Defendant Gregory Purdy's Motion for Acquittal and New Trial (ECF 212), issued subsequent to the decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024).

**BRIEF PROCEDURAL HISTORY**

A superseding Indictment charged Defendants Robert Turner ("Turner") and Gregory Richard Purdy, Jr. ("Gregory Purdy) with multiple felony changes. The superseding Indictment charged Turner, Gregory Purdy and Matthew Purdy with multiple misdemeanor charges. A jury trial commenced on the charges in the superseding Indictment on June 3, 2024. On June 11, 2024, the jury returned a verdict of guilty for all three defendants.

The jury returned a verdict of guilty as to Gregory Purdy on the following felony counts from the Superseding Indictment: Counts One, Three and Four, Obstructing Officers During Civil

Disorder, in violation of 18 U.S.C. § 231(a)(3); Counts Two and Five, Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); and Count Seven, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). The jury returned a verdict of guilty as to Defendant Robert Turner on the following felony counts from the Superseding Indictment: Count Four, Obstructing Officers During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Count Six, Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); and Count Seven, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2).

The jury returned a guilty verdict as to Gregory Purdy and Turner in the following misdemeanor counts, including: Count Eight, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Count Nine, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 US.C. § 1752(a)(2); Count Ten, Engaging in Physical Violence in a Restricted Building of Grounds, in violation of 18 U.S.C. § 1752(a)(4); Count Eleven, Disorderly Conduct in a Capitol Building, in violation of l40 U.S.C. § 5104(e)(2)(D); Count Twelve, Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and Count Thirteen, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

The jury returned a verdict of guilty as to Matthew Purdy to two misdemeanor counts, and not guilty verdicts on two misdemeanor counts. Following the verdicts, the Court ordered Turner and Gregory Purdy be detained until the sentencing hearing, which is scheduled for October 18, 2024.

On June 24, 2024, Turner moved to extend his time to file post-trial motions by fifteen (15) days). ECF No. 208. On June 25, 20224, Gregory Purdy moved to extend his time to file post-

trial motions. The government did not oppose these motions by defense. On June 28, 2024, the Court granted Turner and Gregory Purdy's motions to extend and ordered these Defendants to file any post-trial motions by July 10, 2024. Minute Order dated June 28, 2024.

On June 28, 2024, the United States Supreme Court issued a decision in *Fischer v. United States*, No. 23-5572 (S. Ct. June 28, 2024) ("*Fischer*"), addressing violations of 18 U.S.C. § 1512(c)(2).

Turner filed a Motion for Judgment of Acquittal on June 28, 2024. ECF No. 211. In part, Turner moved for a judgment of acquittal on Count 7 of the Superseding Indictment, the Section 1512 count, based on the Supreme Court decision in *Fischer*, ECF No. 211, pp. 1-3. Turner also moved for acquittal of the verdicts on Count Four, Civil Disorder, and Count Six, Assault on an Officer. ECF No. 211, pp. 4-7.

On July 8, 2024, Gregory Purdy filed a Motion for Acquittal and New Trial. ECF No. 212. In this motion, Gregory Purdy raised the Supreme Court decision in *Fischer*, and asks this Court to acquit him of Count Seven, the Section 1512 count. ECF No. 212, pp.1-2. Gregory Purdy further asked that he be afforded a new trial if acquitted of the 1512 count. ECF No. 212, p. 3.

On July 10, 2024, Turner filed a Motion for New Trial. ECF No. 213. Turner moved for a new trial based on the Court's decision not to grant Turner's pre-trial motion to sever the Defendants into separate trials and because of evidence introduced at trial from Gregory Purdy's social media postings on January 6, 2024. ECF 213, pp. 2-4. Turner also seeks a new trial alleging "duplicity and confusion regarding" the charges under 18 U.S.C. 111(a)(1) and 231(a)(3). ECF No. 213, pp. 4-9.

Assistant U.S. Attorney Wagner, counsel for the government, is preparing for a jury trial beginning on August 20, 2024, in *Quindon M. Yelder v. Lloyd J. Austin III*, Case No. 8:21-cv-320, in the District of Nebraska.

Counsel for the United States of America has discussed this request with George T. Pallas, counsel for Defendant Turner, and Dylan Barket, counsel for Defendant Gregory Purdy, by email. Mr. Pallas and Mr. Barket object to the United States of America's motion for an extension of time. Mr. Barket noted that he will be out of the country from August 4, 2024, until September 29, 2024.

## RELEVANT FACTUAL RECITATION

At 2:01 p.m. on January 6, 2021, the Defendants were part of a group of protestors that stood opposite a group of Metropolitan Police Department ("MPD") officers, some officers wore body-worn camera ("BWC"). At one point, Gregory Purdy yelled at officers, "You gotta let us by . . . You don't have to listen to them . . . tell your guys . . ." Turner also yelled at the officers. Gregory Purdy pushed forward against the officers, assaulting two of the officers. The Defendants approached and climbed a set of stairs on the west side of the Capitol.

The Defendants passed rioters screaming and climbing on the bannisters and scaffolding. The stairs led to the Upper West Terrace, where U.S. Capitol Police officers held a line of barricades at the top of the stairs while the rioters came up the stairs. At approximately 2:09 p.m. Gregory Purdy pushed over a barricade and all three defendants crossed over the fallen barricades, despite the officers' efforts to hold back the crowd. The Defendants ran onto the Upper West Terrace.

At approximately 2:13 p.m., protesters from the outside of the Capitol broke the windows and climbed through one of the broken windows beside the Senate Wing Doorway. Seconds later,

the protesters kicked open the Senate Wing Doorway, which were emergency exit doors, from the inside. An alarm was set off when the door was opened. Within a minute of the initial breach, Gregory Purdy, Turner and Matthew Purdy entered through the broken door and walked down through the Capitol.  At approximately 2:16 p.m., the Defendants exited the Capitol through the Senate Carriage Door, on the East side of the Capitol.

At approximately 3:24 p.m., Gregory Purdy and Turner stood directly opposite of a line of MPD officers and in front of a large group of rioters. The MPD officers prevented the rioters from re-entering the Upper West Terrace, on the West side of the Capitol.  Gregory Purdy said to the officers: "We're on the same team. You don't have to take these orders." Robert Turner said to the officers, "Stop taking orders. We're not here – we're not here to kill or hurt anybody, we're making our voice heard. You should be behind us." Gregory Purdy later said to the officers, "Are you guys going to let us in, or are we gonna have to push in?" At various times, Gregory Purdy turned back to the crowd of rioters and appeared to wave others in the crowd behind him to move forward. At approximately 3:30 p.m., Gregory Purdy yelled to the crowd, "Guys, we all gotta go at once." With raised hands, Gregory Purdy then counted down from ten to one; upon reaching one, Gregory Purdy ran forward and assaulted an MPD Officer, and pushed his way through the police line. Turner followed Gregory Purdy into the line of officers, and Turner assaulted an officer guarding the Upper West Terrace.

### *FISCHER*

*Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on Friday, June 28, 2024.  In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6

prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

      Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. The government therefore respectfully requests for an extension until September 13, 2024, approximately 60 days, in which to respond to Defendant Turner's Motion for Judgment of Acquittal (ECF 211) and Motion for New Trial (ECF 213), and Defendant Gregory Purdy's Motion for Acquittal and New Trial (ECF 212).

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar No. 241625

BY:    /s/ Lynnett M. Wagner
          LYNNETT M. WAGNER
          Assistant United States Attorney
          Nebraska Bar No. 21606
          United States Attorney's Office
          District of Columbia
          601 D Street, N.W.
          Washington, DC 20530
          Phone: (402) 661-3700
          Lynnett.M.Wagner@usdoj.gov

          Kyle M McWaters
          Assistant United States Attorney
          D.C. Bar No. 241625
          (202) 252-6983
          Kyle.McWaters@usdjo.gov