**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA :
:
v. :  Case No. 1:22-CR-19-RCL-001
:
:
GREGORY RICHARD PURDY, *et al* :
:
:
Defendants. :


# RENEWED MOTION TO WITHDRAW AND FOR RECONSIDERATION

**COMES NOW**, Counsel for Defendant, Gregory Purdy, and respectfully submits this Renewed Motion to Withdraw and for Reconsideration, requesting that this Honorable Court grant leave for counsel to withdraw from representation in light of Mr. Purdy's explicit and unequivocal instructions that he wishes to represent himself at sentencing and is instructing counsel to not appear.

## Background

Defendant Gregory Purdy has expressed in no uncertain terms that he does not consent to counsel's participation in the sentencing phase of this matter. During recent communications, Mr. Purdy has directed counsel to "not appear" at sentencing and has clearly articulated his intent to proceed pro se. Mr. Purdy has

further stated that he does not want counsel to act or advocate on his behalf during this phase of the proceedings, nor does he want him to appear. Mr. Purdy has made his instructions clear, he does "not consent" to counsel being present at sentencing, he "will tell the Judge that he has instructed you to not appear", that counsel has been "released from representation and does not represent me". Counsel is placed in the difficult position of appearing before this Court as the law requires, and simultaneously honoring his clients wishes and directions.

This Honorable Court has previously conducted a *Faretta* hearing and determined that Mr. Purdy is capable of representing himself. The Court found that Mr. Purdy's waiver of counsel was knowing, voluntary, and intelligent, satisfying the constitutional requirements established under *Faretta*. Mr. Purdy now seeks to reaffirm his decision to exercise his constitutional right to self-representation. He explicitly states such as well in his attached Motion to Appear Pro Se.

**Grounds for Relief**

Mr. Purdy has unequivocally asserted his constitutional right to represent himself at sentencing. The Supreme Court has recognized the right of a defendant to self-representation under *Faretta*, provided the defendant knowingly, voluntarily, and intelligently waives their right to counsel. This Court's prior *Faretta* hearing established that Mr. Purdy meets the criteria for self-representation, and his recent

communications reiterate his intent to proceed without counsel. The relationship between counsel and Mr. Purdy has irretrievably broken down due to the Defendant's insistence on proceeding pro se and his refusal to allow counsel to participate, or even appear, at sentencing. This breakdown precludes counsel from advocating for Mr. Purdy.

Counsel is bound by ethical obligations to act in the best interest of their client while respecting the client's autonomy and decisions regarding representation. Continuing representation against Mr. Purdy's express wishes risks placing counsel in an untenable position where they are unable to fulfill their professional obligations to the Court without undermining the Defendant's rights and directives.

Mr. Purdy has drafted and instructed counsel to file a pro se motion seeking to vacate the sentencing date and proceed without counsel. This motion is attached hereto as Exhibit A. Mr. Purdy has directed counsel not to edit, revise, or amend his motion in any way, underscoring his desire to proceed without legal representation. Counsel's submission of this motion is in deference to Mr. Purdy's instructions and is not an endorsement of the legal or factual arguments contained therein.

**Request for Reconsideration**

This is not the first time counsel has sought to withdraw from representation in this matter. Counsel filed a Motion to Withdraw in September of this year. The Court has not expressly ruled on counsel's motion to withdraw, citing the obligation to ensure the Defendant is adequately represented, and stating that such motion will be considered at sentencing. However, the present circumstances differ in that Mr. Purdy has now explicitly invoked his right to self-representation and has instructed counsel not to appear or advocate on his behalf. Counsel understands the obligation to appear before this Honorable Court – and will appear at the December 6th sentencing date absent a release, however, counsel is in a difficult position with two differing instructions and requirements, both of which are mutually exclusive.

Given this Court's prior *Faretta* determination regarding Mr. Purdy's capability to represent himself, as well as the constitutional implications of denying a defendant's right to self-representation, counsel respectfully requests that the Court reconsider its prior rulings and permit withdrawal at this time.

For the foregoing reasons, counsel respectfully requests that this Honorable Court:

1. Grant leave for counsel to withdraw from representation of Defendant Gregory Purdy;

2. Permit Mr. Purdy to proceed pro se, consistent with this Court's prior *Faretta* findings and subject to a renewed determination, if necessary, that his waiver of counsel is knowing, voluntary, and intelligent; and

3. Consider the attached motion submitted by Mr. Purdy in furtherance of his stated desire to proceed without counsel.

Respectfully submitted,

**BARKET LAWYERS**
CONCORDE BUILDING - 7TH FLOOR
66 W. FLAGLER STREET
MIAMI, FL, 33130
TELE: (305) 373-6711
DYLAN@BARKETLAWYERS.COM
PLEADINGS@BARKETLAWYERS.COM

/s/Dylan G. Barket, Esq.
Florida Bar Number: 1026381
DC DISTRICT ID: FL00128

### CERTIFICATE OF SERVICE

I certify that on this 29th day of November 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.