# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| | : | |
| **GREGORY RICHARD PURDY,** | : | |
| *et al* | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED MOTION FOR PRO SE STATUS AND VACATE OF SENTENCING

I, Gregory Richard Purdy, Jr. respectfully move the court to remove my previous attorney Dylan Barket as my council of record. This is the only viable route to protect my 6th amendment due process rights, prevent prejudice of my case, and an utterly egregious injustice to myself and my sentencing process.

### PREFACE TO MOTION

This motion is from Gregory Purdy who requested months ago to proceed Pro Se. I am submitting this in support of my motion to withdraw as counsel and so that all parties have a copy. However, my submission does not imply that Mr. Purdy is giving me permission at all to represent him in any way. He has made it very clear that he does not want me present at his sentencing."

## BACKGROUND

As of November 26th, 2024, I still have not received my Presentencing Interview Report thus have not had the opportunity to review the report and make objections if required. This is no fault of my own. My sentencing is still scheduled for December 6th, 2024. On September 26th, 2024, Dylan Barket and George Pallas submitted their motion for withdrawal as counsel. This was done as a way to proceed more efficiently and have adequate due process by representing myself. Through direct communication with the court, prosecution, and probation office the PSR can be effectively received by me. This would allow for important due dates to be met and fluid communication with other parties to assist them in mutual meeting of those timelines.

The probation office has not been timely in their requirement of disclosure and to provide me directly with the PSR report. Additionally, my previous counsel hasn't properly communicated with me. Mr. Barker has been in China for weeks on a different time zone. The last day to submit inaccuracies or objections to the PSR was September 27th. As of November 26th, I still have never seen it nor had the opportunity to review it. It may also be important for the court to know that my previous counsel had refused to submit the motions that I requested. I also wasn't afforded the means, despite requests, to submit a sentencing memorandum, allocution statement, letter to the court, reference letters and other important documentation in regard to the sentencing process. Given these reasons I requested my previous counsel withdraw in order to submit all necessary information for sentencing to the court. The inaccurate appearance of belligerence due to inadequacy of counsel and probation is extremely damaging to my sentencing process. On October 9th as a diligence measure, I submitted a "motion for continuance of sentencing and extension of time to respond to PSR" to remind all parties that the aforementioned issues still needed attention and to protect my due process.

## RULE 32 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Rule 32 (e)(2) states that the PSR "must be served upon all parties involved in the case 35 days before sentencing hearing." Rule 32 (f) requires "the court to permit defendant the opportunity to comment upon or object to the PSR." In the 1983 amendment to Rule 32 subdivision (a)(1) it imposed upon the sentencing court "the additional obligation of determining that the defendant and his counsel have had an opportunity to read the presentence investigation report or summary thereof. This change is consistent with the amendment of subdivision (c)(3), discussed below providing for disclosure the report to both defendant and his counsel without request. This amendment is also consistent of a recent empirical study that under present rule 32 meaningful disclosure is often lacking and "that some form of judicial prodding is necessary to achieved full disclosure" Fennel 8 Hall, Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts. 93 Harv. L. Re. 1613, 1651 (1980):

The 1983 amendment to Rule 32 subdivision (c3) adds on to this stating "Disclosure of the presentence report is no longer limited to those situations in which a request is made; disclosure is now provided to both defendant and his counsel and disclosure is now required a reasonable time before sentencing: Fennel 8 Hall, supra at 1640-49 similarly, " if the report is not made available to the defendant and his counsel in a timely fashion and if disclosure is only made on request, their opportunity to review the report may be inadequate." Subdivision (c)(3)(c) is intended to make it clear that the government's right to disclosure does not depend upon whether the defendant elects to exercise his right to disclosure. I wish to exercise my right, and I still haven't received the PSR.

In the 1989 amendment to Rule 32 (a)(1) it states, "it may be necessary to delay sentencing when an applicable sentencing factor cannot be resolved at the time set for sentencing." Clearly in this instance, receiving a PSR, receiving and reviewing discovery and evidence related to objections, objecting to or correcting inaccuracies, finalizing the sentencing memorandum, submitting an allocution statement, letters to the court, packaging off 100 pending reference letters, and a full Faretta hearing "can not be resolved at the time set for sentencing." Since none of these factors are the fault of the defendant and are due purely to the untimeliness of the government and counsel, the only plausible solution is in rescheduling the sentencing to a date that is reasonable for the court. Furthermore, Rule 32 Subdivision (c)(3) states "once information is presented, the defendant and counsel are to be given reasonable opportunity to comment in appropriate cases that may require a continuance of sentencing proceedings."

This procedure also mirrors Model Local Rule for Guidelines Sentencing supra "providing fair opportunity for both parties to review sentencing guidelines specifically providing that the court must provide the parties with reasonable opportunity to offer information concerning a sentencing factor reasonably in dispute." See U.S.S.G. GA1.3(a)

There is a voluminous amount of court cases that support disclosure of the PSR, opportunity to comment & chance to object to any errors. The Supreme Court affirmed this in Williams V. New York. "Denial of due process of law for a court in sentencing to rely on a report of a presentence investigation without disclosing such report to the defendant or giving an opportunity to rebut it. Williams V. New York 337 U.S. 241 (1949). In the Supreme Court Case United States V. Velasquez the Court even directly references Rule 32 and its role in protecting the right to be able to challenge inaccuracies. " Rule 32 was intended to guard against adverse consequences of a statement in the presentence report that the court may have been found to be false." United States V. Velasquez, 748 F. 2d 972, 974 (8th Cir. 1984)

## ADDITIONAL ARGUMENTS FAVORING DISCLOSURE TO DEFENDANT REGARDING SENTENCING

The Sentencing Reform Act of 1984 requires U.S. District Court Judges to consider all the sentencing factors Congress set forth in 18 U.S.C. 8 3553(a) before imposing sentence. During this time awareness of the vast number of factors a sentencing can effect came to the forefront of America. "Sentencing report effects place of incarceration, chances for parole,

relationships with social services and correction agencies after release from prison. -1984 Sub (a)(1). Pub. L. 98-473, 215(a)(1).

Other Persuasive Texts favor disclosure to defendant include but are not limited to:

1) Tappan, Crime, Justice and Correction, 558 (1966)
2) American Bar Association Standards Relating to Sentencing Alternatives and Procedures 4.4 (Approved Draft 1969)
3) American Law Institute Model Penal Code 7.05 (5) P.O.D. 1962
4) The Challenge of Crime in a Free Society (1967) at p.145.
5) National Council on Crime and Delinquency Model Sentencing Act 4(1963): This is also the recommendation of the Presidents Commission on Law Enforcement and administration of justice. Concisely stated, the defendant should be permitted to examine the entire Presentence Report.

## INADEQUACY OF COUNSEL FACTOR

The prosecution in their motion " Response in Opposition to Defendant Gregory Purdy's and Robert Turner's Motions to Withdraw as Counsel and to Vacate or Continue the Sentencing Date" argue that the defendants "have not provided the court with any reason why their current counsel couldn't continue to represent them at the sentencing hearing". While this is patently false due to the aforementioned reasons such as not offering opportunity for submission of sentencing memorandum, allocution statement, letter to the court, reference letters, objection to PSR and at times being incommunicado; please may the court let the record reflect some of the other irreconcilable inadequacies by my counsel that will not allow me to continue with him as my representation:

-failure to adequately present expert testimony to the jury

-failure to adequately present mitigating evidence

- failure to request specific limiting Jury Instruction
- misinformation regarding sentencing process
- failure to object and preserve appeal on key issues
- failure to interview important witnesses
- failure to investigate specific helpful evidence such as Alex Smith the accuser/witness who is currently being investigated for stealing guns and money off arrestees
- failure to object to prejudicial or inadmissible evidence
- failure to present errors in case to preserve on appeal
- failure to raise certain affirmative offenses and defenses

- failure to raise specific requested arguments in the post-trial mistrial motions
- failure to submit post-trial motions
- failure to submit motion for bail hearing despite request
- failure to call alleged victims to testify
- outright refusal to file certain motions

The inadequacies are not limited to those previously stated herein. These deficiencies in addition to the lack of due process afforded to me regarding the sentencing issues mentioned clearly show the prejudice to my case and the collateral injustice it causes me. The 6th Amendment safeguards me from these damages and affords me the right to adequate representation even if I must represent myself.

## SCHEDULING AND STANDBY COUNSEL REBUTTALS

The prosecution in their response objects to the flexible scheduling for my continuance to sentencing. I did this out of respect for the court because I know Your Honor may have other hearings, trials, or sentencing going on. I respect the Court and its Calendar and would be happy to engage in a dialogue to figure out a new reasonable sentencing date that works for Your Honor and all parties. If my argument is damaged by not proposing an exact date, then I would propose a preliminary sentencing date of January 28th, 2025. I am more than willing to figure out a date that works for everyone. Additionally Matthew Purdy is willing to adopt this motion in regards to the aspects of setting a new sentencing date. This would avoid splitting the sentencing date as the prosecution incorrectly asserts. Mr. Purdy also only faces 2 misdemeanor charges and is not currently incarcerates so it would not unduly delay or damage him. Mr. Purdy is ready at any time to adopt a motion to vacate and continue sentencing.

The prosecution in their response tries to paint a picture that I am looking for an "absolute choice" in my retention of a lawyer. This is simply not true. In fact, I do not require that the Court provide me standby counsel. I will proceed Pro Se without any counsel if that is a requirement of the Court. I would prefer if the Court finds it appropriate, to have Michelle Peterson: Chief Assistant Federal Public Defender: mailing address 625 Indiana Avenue N.W. Washington, D.C. 20004: phone number (202) 208-7500 as my standby counsel. I have a tremendous amount of respect for her. She has a tremendous heart. I also believe given her track record and experience in dealing with the Probation Office that she will help rectify the disclosure of the PSR more expeditiously than any other attorney could since it appears that prosecution is eager to get to sentencing. If the court doesn't wish to provide me standby counsel that is acceptable to me. I would just request a laptop so I may save the court the hassle of having to retype my handwritten responses.

## FARETTA HEARING

Faretta hearing requirements include:

1. Defendant must make a knowing, intelligent and voluntary request
2. Defendant must understand legal proceeding, charges and potential consequences of self self-representation
3. The request must be made unequivocally

I certify that the above mentioned requirements have been met by myself. I repeat and reiterate that I am making a knowingly, intelligent and voluntary request. I understand the legal proceedings, charges and potential consequences of self representation and this request is being made unequivocally. In order to alleviate doubt of this since that is what the prosecution is arguing, I would request the court to set a Faretta Hearing and schedule for the earliest most convenient time. The court may also vacate the current December 6th sentencing.

## PREPOSTEROUSNESS OF THE PROSECUTION'S CASE ARGUMENTS

May the Court please excuse my candor but upon first look at the prosecutions motion "Response in Opposition to Defendant Gregory Purdy and Robert Turner's motion to Withdraw as Counsel and to Vacate or Continue the Sentencing Date"-it appears that their legal team just copied and pasted a bunch of keywords in to the Lexus Nexus database and wrote Court quotes that simply sounded good with no merit. For example, they argue that in United States V. Tapia "a sentencing delay disserves a basic notion that once convicted an offender should be able to serve his sentence and be done with it." The ironic part about the government's argument is that this same case is actually an argument that supports my need for a vacation of the current sentencing date. 1) This quote from the case is actually implied as a protection for the defendant from being held or sentenced for a longer amount of time. In my circumstance one of the reliefs I am requesting is to be protected from not having an opportunity to due process, substantial rights, and being able to submit comment and or object to important matters relating to the appropriate sentence. If I don't have these opportunities in essence I would possibly be sentenced for a longer amount of time. The government accidentally submitted a case that supports vacating the current sentence. 2) Furthermore if the prosecution actually read United States V. Tapia they would also find that a court ordering imprisonment "must recognize that imprisonment is not an appropriate means of promoting correction" 3582(a). A similar provision instructs sentencing commission "Insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for purpose of rehabilitating a defendant. Most of the case law the prosecution cites is either completely irrelevant or actually supports my motion. Citing random case law on surface level " appearance" or how it sounds in a paragraph and not by the merits is unethical, lacks integrity and may be considered to be misconduct.

Justice Sutherland writing for the majority in the Supreme Court case Berger V. United States, 295 US 78, 99 stated "The United States Attorney is the representative not of an ordinary part of controversy, but of a sovereignty whose obligation to govern impartially is as compelling

as its obligation to govern at all and whose interest therefore in criminal prosecution is not that it shall win a case (or a conviction), but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed he should do so. But while he may strike hard blows, he is not at liberty to strike foul ones.

It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction." In my case I ask for a vacation of sentencing to an appropriate date so we may avoid an improper calculation of this sentence and a wrongful conviction.

### A FINAL ARGUMENT FOR DUE PROCESS

The Third Circuit Case United States V. Nappi, 243 F. 3d 758 (3rd Cir. 2001) states all of the following: "Federal Rule of Criminal Procedure 32 which governs sentencing procedures in the Federal Courts, emanates from Congress concerns for protecting a defendant's due process rights in the sentencing process. United States V. Curran, 926 F. 2d 59,61 (1st Cir. 1991): se, e.g. United States V. Greer 223 F. 3d 41,58 (2nd Cir 2000). Indeed, it is well settled that a defendant is made aware of the evidence to be considered and potentially used against him at sentencing and is provided an opportunity to comment on its accuracy. See Moore, 571 F. 2d at 182; see also United States V. Blackwell, 49 F. 3d 1232, 1235 (7th Cir. 1995) ('It is well established that a convicted defendant has the right to be sentenced on the basis of accurate and reliable information, and that implicit in this right is the opportunity to rebut the Governments evidence and the information in the presentence report.") United States V. Jackson, 32 F. 3d 1101, 1105 (7th Cir. 1994)(Coffey J., concurring)("We begin with the well established premise hat a defendant has a right to be sentenced on the basis of accurate information...which implicates the corollary right to know what evidence will be used against him at the sentencing hearing.") quoting United States V. Morales, 994 F. 2d 386,389 (7th Cir. 1993)) (internal citation omitted); United States V. Cervantes, 878 F. 2d 50,56 (2nd Cir. 1989)(noting that requirements of mandatory disclosure of PSI and opportunity to respond were introduced to "ensure accuracy of sentencing information").

Among other procedural safeguards in Rule 32 that were designed to ensure that the defendant is sentenced based on accurate information, 4 Greer, 223 F. 3d at 58; United States V. Gomez, 83 F. 2d 453, 457 (3rd Cir. 1987). The Supreme Court explained that the " opportunity to comment" language found in Rule 32(c)1 provides for "focused adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines Sentence." Burns V. United States, 501 v.s. 129. Rule 32 requires that....the defendant must have the opportunity to review information that will be used for sentencing") United States V. Burger, 964 F. 2d 1072 (10th Cir. 1992)

### CONCLUSION

      For the reasons set forth above, I Gregory Richard Purdy, Jr. respectfully request is court vacate the current sentencing and my previous counsel from future proceedings. For the convenience of the Court I have taken the liberty to attach a proposed order that accomplished this if that is appropriate. Thank you Your Honor.

      Respectfully submitted,

      Gregory Richard Purdy, Jr., Defendant

      390028 Correctional Treatment Facility DC CTF

      1901 D Street SE (Unit C3B Cell #11)

      Washington DC 20003

      By:/s/ *Gregory R. Purdy, Jr.*

          Gregory Richard Purdy, Jr., Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:22-CR-19-RCL-001 |
| | : | |
| **GREGORY RICHARD PURDY,** | : | |
| *et al* | : | |
| **Defendants.** | : | |

## PROPOSED ORDER

Upon consideration of Gregory Richard Purdy, Jr.'s motion for Pro Se status and vacate of sentencing, it is hereby ORDERED that the motion is GRANTED; and it is further ORDERED that Gregory Richard Purdy be granted Pro Se status and that sentencing be scheduled for _____ and it is further ORDERED that Gregory Richard Purdy Jr. be given a laptop by the jail and assigned Michelle Peterson as standby council and it is further ORDERED that the Probation Department immediately send Gregory Richard Purdy Jr.'s PSR directly to him at the D.C. Jail.

Date: _____

                                                                               Hon. Royce C. Lamberth
                                                                               United States District Judge