UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GREGORY RICHARD PURDY, *et al.*,

Defendants.

Case No. 1:22-cr-19-RCL

## ORDER

The Court has received several motions from Defendant Gregory Purdy, which Defendant Robert Turner has joined. Notice of Filing *Pro Se* Motions, ECF No. 276; Motion for Joinder, ECF No. 277. At the status conference on December 12, 2024, the Court orally denied the pending Motion for Bond and Motion for Mistrial. Min. Entry for Dec. 12, 2024. However, because Mr. Purdy has filed several Motions for Mistrial and/or New Trial, the Court will provide further clarity on exactly which motions are denied and which motions remain before this Court.

Mr. Purdy already has a timely Motion for Acquittal and New Trial [ECF No. 212] pending in this Court, and Mr. Turner similarly has a timely Motion for Acquittal [ECF No. 211] and Motion for New Trial [ECF No. 213] pending as well. The Court is not ruling on these motions with the instant Order. The Court has been withholding a decision on these motions because they were filed when the defendants were still represented by counsel. Now that defendants are proceeding *pro se*, *see* Min. Entry for *Faretta* Hearing on Dec. 6, 2024, the Court is considering these motions and will provide an opportunity for defendants to argue them, if they so choose.

However, Mr. Purdy also filed a Motion for New Trial on November 21, 2024 [ECF No. 258], and a Motion for Mistrial came to this Court by mail, date-stamped as December 4, 2024. Another filing from standby counsel on December 9, 2024 contains two Motions for Mistrial [ECF

1

Nos. 276-3, 276-5]. It is these various motions that are **DENIED**. As explained at the hearing, "[a] motion for mistrial must be submitted during the trial; the right to seek a mistrial is waived if the motion is not presented until after the jury has returned its verdict." 7A Fed. Proc. Forms § 20:847. To the extent Mr. Purdy intended to file motions for *new* trial,[1] as he did on November 21, such motions are also denied; under Federal Rule of Criminal Procedure 33(b)(2), a defendant moving for a new trial on any reason other than newly discovered evidence must do within fourteen days of a guilty verdict. *See* Fed. R. Crim. P. 33(b)(2). Here, the motions did not include any mention of "newly discovered evidence."[2]

It is hereby

**ORDERED** that Mr. Purdy's Motion for New Trial [ECF No. 258] and Motions for Mistrial [ECF Nos. 276-3, 276-5] are **DENIED**. Mr. Purdy's Motion for Acquittal and New Trial [ECF No. 212], and Mr. Turner's Motion for Acquittal [ECF No. 211] and Motion for New Trial [ECF No. 213] remain pending.

**IT IS SO ORDERED.**

Date: 12-13-24

Royce C. Lamberth
United States District Judge

---

[1] A document filed *pro se* "is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[2] At the December 12 status conference, Mr. Purdy indicated an intent to file a motion for new trial on the grounds of newly discovered evidence regarding ineffective assistance of counsel. Under Rule 33, a motion for new trial grounded on newly discovered evidence may be filed within three years of the guilty verdict. Fed. R. Crim. P. 33(b)(1). Therefore, as explained at the hearing, Mr. Purdy has the right to file such a motion for this Court's consideration.