**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 1:22-cr-19-1 (RCL)** |
| **GREGORY RICHARD PURDY**, | |
| *Defendant.* | |

## MEMORANDUM ORDER

Defendant Gregory Purdy, Jr. participated in the Capitol Riots that took place on January 6, 2021. Trial for Mr. Purdy and two co-defendants commenced on June 5, 2024. On June 10, at the close of the government's case, an oral Rule 29 Motion was made by all defendants, which the Court heard and denied. Min. Entry for June 10, 2024. On June 11, 2024, a jury convicted Mr. Purdy of six felonies and six misdemeanors, including multiple counts of civil disorder and assaulting law enforcement officers. Verdict Form, ECF No. 206. Mr. Purdy timely filed a combined Motion for Acquittal and New Trial, ECF No. 212 ("Def.'s Mot."). In his motion, he seeks acquittal of Count 7 of the Superseding Indictment, Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c), and a new trial for all remaining counts. On September 4, the government filed an unopposed Motion to Dismiss Count 7 of the Superseding Indictment. Mot. to Dismiss Count 7, ECF No. 225. The government then filed an opposition to Mr. Purdy's Motion with respect to all other counts. Gov't Opp'n, ECF No. 230. Both motions are now before this Court.

Based on the government's unopposed motion to dismiss the § 1512(c) charge, the Court hereby **ORDERS** that the government's motion is **GRANTED**. Count 7 of Mr. Purdy's Superseding Indictment, Obstruction of an Official Proceeding in violation of 18 U.S.C.

§§ 1512(c)(2) and 2, is hereby **DISMISSED** with prejudice.  Therefore, Mr. Purdy's Motion for

Acquittal and New Trial as to Count 7 is **DENIED AS MOOT**.  With regard to all other counts,

for the reasons stated below, Mr. Purdy's Motion for Acquittal and New Trial is hereby **DENIED**.

## I.    LEGAL STANDARDS

### A.  Motion for Acquittal, Rule 29

The jury is "at the heart of our criminal justice system."  *Erlinger v. United States*, 602

U.S. 821, 822 (2024).  Nonetheless, once a jury has delivered a verdict of guilty, a judge must, on

defendant's motion, enter a judgment of acquittal for "any offense for which the evidence is

insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a), (c).  If a defendant wishes to file or

renew a motion for judgment of acquittal after the jury renders its verdict, Rule 29(c)(1) requires

that motion to be filed within fourteen days of that verdict.  However, a court may grant a

defendant's motion for an extension of time that was filed within that fourteen-day window.  *See*

Fed. R. Crim. P. 45(b)(1)(A).

A defendant seeking a judgment of acquittal based on insufficient evidence must show that

no "rational trier of fact could have found the elements of the crime beyond a reasonable doubt."

*United States v. Williams*, 836 F.3d 1, 6 (D.C. Cir. 2016).  The court "must view the evidence in

the light most favorable to the government, drawing no distinction between direct and

circumstantial evidence, and giving full play to the right of the jury to determine credibility, weigh

the evidence and draw justifiable inferences of fact."  *Id*.  This standard is "highly deferential" to

the jury verdict.  *Id*.  A court considering the sufficiency of the evidence must be attuned to the

difference between a "legitimate inference" and "pure speculation."  *United States v. Carter*, 522

F.2d 666, 680 (D.C. Cir. 1975) (quoting *Curley v. United States*, 160 F.2d 229, 233 (D.C. Cir.

1947)).  "Where the jury can find an essential element of the offense only through speculation, the

evidence is insufficient."  *United States v. Hillie*, 39 F.4th 674, 692 (D.C. Cir. 2022); *see also*

*United States v. Long*, 905 F.2d 1572, 1576 (D.C. Cir. 1990) (Thomas, J.) ("A jury is entitled to draw a vast range of reasonable inferences from evidence, but may not base a verdict on mere speculation.").

### B.  Motion for New Trial, Rule 33

Under Rule 33, a court may vacate the judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).  The decision to grant a new trial is committed to the sound discretion of the trial court. *United States v. Kelly*, 790 F.2d 130, 133 (D.C. Cir. 1986). "In order to grant a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *United States v. Edmonds,* 765 F. Supp. 1112, 1118 (D.D.C. 1991) (internal citations and quotation marks omitted).  To meet this heavy burden, the defendant "must show that (1) there was a substantial error and (2) the error affected the defendant's substantial rights."  *United States v. Williamson*, 81 F. Supp. 3d 85, 89 (D.D.C. 2015).  "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).  "A court can only extend the time in which to grant a motion for a new trial if a court fixes such a time within 7 days of the verdict or finding of guilty."  *United States v. Hall*, 214 F.3d 175, 178 (D.C. Cir. 2000).

Motions for a new trial are "not favored and are viewed with great caution."  *United States v. Borda*, 786 F. Supp. 2d 25, 31 (D.D.C. 2011) (internal citations omitted). "Despite the court's broad authority to order a new trial, it should be exercised sparingly and limited to situations presenting a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted."  *Id.* at 32 (internal quotations and citations omitted).

3

## II.    DISCUSSION

### A.  Acquittal on Count 7, 1512(c)(2) and 2

On June 28, 2024, after Mr. Purdy had been found guilty of violating 18 U.S.C. §§ 1512(c)(2) and 2, the Supreme Court decided *Fischer v. United States*, 603 U.S. 480 (2024). *Fischer* held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so."  *Id.* at 2190. In doing so, the Supreme Court reversed a ruling from the D.C. Circuit that had accorded that provision a broader reading.

In light of the *Fischer* decision, the government filed an unopposed[1] Rule 48(a) motion to voluntarily dismiss the § 1512(c) count against Mr. Purdy "to obtain justice and efficiently proceed towards sentencing on the defendants' other counts of conviction."  Mot. to Dismiss Count 7 at 2. The Court observes that Rule 48(a) "appl[ies] even after conviction and sentencing while the case is on direct appeal, and the same standard applies to a government request for dismissal at that stage as applies if the request came prior to trial."  *In re Flynn*, 961 F.3d 1215, 1220 n.1 (D.C. Cir. 2020).  Other courts in this District have granted 48(a) motions post-conviction.  *See, e.g.*, *United States v. Venkata*, 709 F. Supp. 3d 9, 19 (D.D.C. 2024).  Upon review of the motion and observing the growing body of case law in this Circuit vacating or otherwise dismissing § 1512(c) convictions for January 6 Capitol Riot defendants, the Court **ORDERS** that the government's Motion to Dismiss Count 7 of the Superseding Indictment, Obstruction of an Official Proceeding in violation

---

[1] On January 3, 2025, Mr. Purdy filed a motion indicating that he now opposes the dismissal of the § 1512(c) count. *See* Motion for New Trial, ECF No. 281-6.  However, under Local Criminal Rule 47(b), an opposition must be filed withing fourteen days. *See* Local Cr. R. 47(b).  The government filed the Motion to Dismiss Count 7 on September 4, 2024, and the time to oppose the motion has long passed.  Indeed, when the Court read Mr. Purdy his counts of conviction at the December 6, 2024 *Faretta* hearing, the Court stated that it would be dismissing the § 1512(c) count in advance of sentencing.  The hearing transcript will reflect this statement when it is made available.

of 18 U.S.C. §§ 1512(c)(2) and 2, is hereby **GRANTED**.  The § 1512(c) charge against Mr. Purdy

is hereby **DISMISSED** with prejudice.

### B.  Motion for New Trial on All Other Counts

Mr. Purdy argues that he should be granted a new trial "[b]ased on the acquittal of the 1512

count."  Def.'s Mot. at 3.  He argues that the government's theme regarding the 1512 charge—that

Mr. Purdy was "attacking the peaceful transfer of power," that the riot was an "attack on

democracy," and that Mr. Purdy "did not want the certification to take place"—was "highly

inflammatory and prejudicial."  *Id.*  Mr. Purdy believes that "such argument should be excluded

under Federal Rule of Evidence 403 as unfairly prejudicial and confusing" and that without the

1512(c) charge, "the government would be limited to arguing that at best – Mr. Purdy was a rioter

who assaulted officers and engaged in violence at the Capitol."  *Id.*  Mr. Purdy therefore requests

a new trial "excluding any such 'attack on democracy' themes."  *Id.*

 In Mr. Purdy's sparse motion, he never attempts to clear the heavy burden of a Rule 33

motion for a new trial.  New trials are only granted in extraordinary situations, akin to when "an

innocent person has been convicted."  *Borda*, 786 F. Supp. 2d at 32.  Mr. Purdy makes no argument

that he is innocent of any of the remaining charges for which he was convicted, let alone that the

evidence weighs "heavily" against the verdict.  *See Edmonds,* 765 F. Supp. at 1118.  This frivolous

motion must be denied.

And in any event, as the government rightly notes, "the 'theme' that Gregory Purdy and

his co-defendants engaged in an attack on democracy and obstructed the certification of the

election accurately reflects defendant's criminal conduct on January 6."  Gov't Opp'n at 5.  This

theme, to the extent that it can even be considered "evidence," is relevant to all other counts, which

include multiple counts of civil disorder and assaulting, resisting, or impeding law enforcement

officers. Situating Mr. Purdy's conduct within the context of an attack on democracy "showed that Gregory Purdy had the knowledge, intent and motive to obstruct law enforcement officers who were performing a federally protected function" and "showed his motivation to assault law enforcement officers who were protecting the United States Capitol and the members and staff of Congress." *Id.* at 5–6. The Court cannot fathom any reason why these arguments should have been excluded—such rhetoric formed the bedrock of the government's entire case. Mr. Purdy's Motion is, in short, devoid of legal merit.

### III.    CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the government's Unopposed Motion to Dismiss Count 7 of the Superseding Indictment, ECF No. 225, is **GRANTED**; it is further

**ORDERED** that Mr. Gregory Purdy's Motion for Acquittal and New Trial, ECF No. 212, regarding Count 7 is **DENIED AS MOOT**; and it is further

**ORDERED** that Mr. Gregory Purdy's Motion for Acquittal and New Trial, ECF No 212, regarding all other counts is **DENIED**.

**IT IS SO ORDERED.**

Date: ___1-14-25___

Royce C. Lamberth
United States District Judge