UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**GREGORY RICHARD PURDY &**<br>**ROBERT TURNER**,<br><br>    *Defendants.* | Case No. 1:22-cr-19-1 (RCL)<br>Case No. 1:22-cr-19-3 (RCL) |

### MEMORANDUM ORDER

On January 2, 2025, defendants Gregory Purdy and Robert Turner jointly filed six motions for a new trial. *See* ECF No. 281-1 (styled as a "Motion for New Trial and Plain Error Pursuant to Rule 52 Due to Inadmissible Hearsay and Right to Face Accuser") (hereinafter "First Mot."); ECF No. 281-2 (styled as a "Motion for New Trial Pursuant to Rule 33 and New Adjudicative Evidence") (hereinafter "Second Mot."); ECF No. 281-3 (styled as a "Motion for New Trial Pursuant to Rule 33 Newly Discovered Testimonial Evidence") (hereinafter "Third Mot."); ECF No. 281-4 (styled as a "Motion for New Trial Newly Discovered Relevant Evidence") (hereinafter "Fourth Mot."); ECF No. 281-5 (styled as a "Motion to Judicially Notice Plain Error and for New Trial Pursuant to Rule 52") (hereinafter "Fifth Mot."); ECF No. 281-6 (styled as a "Motion for New Trial: Objection to United States Motion to Dismiss Count 7 of the Superseding Indictment") (hereinafter "Sixth Mot.").

At the outset, the Court emphasizes that a motion for new trial must meet strict parameters. Federal Rule of Criminal Procedure 33 mandates that a motion for new trial on any grounds other than "newly discovered evidence" be made within fourteen days after the verdict. Fed. R. Crim. Pr. 33(b)(2). Otherwise, Rule 33 permits a motion for a new trial based on "newly discovered evidence" if made within three years after the verdict. *Id.* (b)(1). The instant motions fall into the

1

latter bucket, as the verdict in this case was delivered roughly seven months ago. *See* Verdict Form, ECF No. 206 (filed June 11, 2024). The Court has reviewed these motions for any indication that the defendants have identified material that could be construed as newly discovered evidence. The Court concludes that none of these motions do so, and therefore, the motions are **DENIED**.

The first Motion for New Trial [ECF No. 281-1] was filed by Mr. Robert Turner, in which he alleges a Confrontation Clause violation as well as "inadmissible hearsay" regarding Officer Anthony Smith. First Mot. at 1. But no statements from Officer Smith were ever introduced at trial, so there can be no such violations. *See* Trial Tr. June 10, 2024, 98:24–99:1 ("[F]rom Officer Smith's body-worn camera, you've seen the assault. You don't need to hear from him to know that Robert Turner assaulted him."); *see also* Mem. Order, ECF No. 284 (providing the basis for rejecting a similar Confrontation Clause challenge by Mr. Turner). But more to the point, in the instant motion, there is no mention of newly discovered evidence.

The second, third, and fourth Motions for New Trial[1] [ECF Nos. 281-2, 281-3, and 281-4], while referencing the "newly discovered evidence" standard, do not present any newly discovered evidence. The defendants tether their argument to the Supreme Court's decision in *Fischer v. United States*, 603 U.S. 480 (2024), which was released after the conclusion of the defendants' trial. At trial, the defendants were convicted of violating 18 U.S.C. §§ 1512(c)(2) and 2, but *Fischer* subsequently narrowed the interpretation of that statute, holding that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* at 2190. On September 4, 2024,

---

[1] The Court considers these motions together because they raise "parallel theories," recite many of the same arguments, and indeed, the defendants urge this Court to consider them together. *See* Second Mot. at 2.

the government moved to dismiss this count from the superseding indictment, which the defendants did not oppose. *See* Unopposed Motion to Dismiss Count 7, ECF No. 225.

But with this backdrop, the defendants now slap the label of "newly discovered evidence" onto a variety of abstract things—their new "opinions" and "perceptions," alternate approaches to trial strategy without the § 1512 charge, and new "legal definitions of statutes and words," to name a few—all arising in the wake of *Fischer*. *See* Second Mot. at 2–9; Third Mot. at 2–3; Fourth Mot. at 2–3. In short, the defendants argue: "[t]he newly-discovered evidence from the *Fischer* decision . . . will lead to a verdict of not guilty on [all] charges." *See* Second Mot. at 5.

These motions demonstrate a fundamental misunderstanding of what "evidence" means, the effect of a Supreme Court decision, and the purpose of a new trial motion. Evidence is "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact." Black's Law Dictionary (12th ed. 2024). A judicial opinion, however, is an interpretation of law; it is not an article of fact, and it can never constitute evidence—let alone newly discovered evidence—even when issued by the Supreme Court. To put it plainly: "A decision by the Supreme Court is not newly discovered evidence." *See Samak v. Warden*, 766 F.3d 1271, 1289 (11th Cir. 2014) (Pryor, J. concurring) (referring to the newly discovered evidence standard in the context of a successive federal habeas petition).

This understanding of evidence is necessary for our system of judicial administration. *Fischer*, of course, is not the first time that the Supreme Court has narrowed the understanding of a crime of conviction after a verdict—indeed, that is consistent with the purview of the Supreme Court's appellate jurisdiction—and such an established occurrence does not entitle the defendants to a new trial. The proper remedy is, instead, to vacate the conviction (as the government has moved to do here) or see if the evidence introduced at trial supports a conviction under the new

interpretation.[2] To the extent the defendants argue that their conviction for a violation of § 1512 cannot stand under the new interpretation of the statutory elements post-*Fischer*, the government agrees and, as observed *supra*, has moved to dismiss the § 1512 charges for both defendants. *See* Unopposed Motion to Dismiss Count 7, ECF No. 225.

It appears to the Court that the defendants, under the procedural guise of several parallel motions for new trial, are actually raising a Fifth Amendment challenge (intentionally or not). The crux of their motion appears to be that at the time of their trial, the looming *Fischer* decision violated their right to testify in their own defense. *See, e.g.*, Second Mot. at 8 ("[B]efore the release of the Fischer decision myself and Mr. Turner could not testify to the simple fact that we wanted to do a civil sit-in near an inconspicuous area on the perimeter of the capital [*sic*]."); *id.* at 9 ("Considering the Supreme Court Fisher [*sic*] opinion . . . . Witness testimony from [the defendants] was only available after trial since we were extorted from doing so."). But this exact argument has already been litigated and rejected in this case. *See* Motion to Stay Case Pending Decision by the Supreme Court in *US v. Fischer*, ECF No. 99; Min Entry for April 5, 2024 Status Conference (denying Motion to Stay). Moreover, to emphasize again: the Court may not entertain such a challenge at this point in the proceedings. The Court may only grant a motion for new trial, made more than fourteen days after the verdict, when the motion is based on *newly discovered evidence*. The defendants may not raise a Fifth Amendment violation in a motion for a new trial now. If the defendants wish to raise such a Fifth Amendment challenge, they must do so with the D.C. Circuit.

---

[2] In her concurring opinion in *Fischer*, Justice Jackson observed this possibility: "[I]t might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding . . . . If so, then Fischer's prosecution under §1512(c)(2) can, and should, proceed. That issue remains available for the lower courts to determine on remand." *Fischer*, 603 U.S. 480, 505 (Jackson, J. concurring).

The fifth Motion for a New Trial recycles many of the same arguments as the prior four motions, but the Court notes that the basis for this motion, "plain error," is an appellate standard of review. *See United States. v. Olano*, 507 U.S. 725, 731 (1993). Plain error review is inapplicable here.

The sixth and final motion for new trial only differs from the first five in that the defendants now claim to oppose the dismissal of the § 1512 conviction, and request a new trial without the inclusion of the § 1512 charge. The Court first notes that the time to oppose the government's motion to dismiss has long passed, and under the local rules of criminal procedure, the motion is treated as conceded. *See* Local Cr. R. 47(b); *see also* Mem. Order, ECF No. 283, at 4 (explaining the Court's grant of the government's motion to dismiss); Mem. Order, ECF No. 284, at 4 (same). But the Court also notes that the defendants' other new trial motions necessarily rely on the dismissal of the § 1512 conviction—the entire point of their motions is that the § 1512 charge tainted the trial. So, the defendants' newfound opposition to the dismissal of the § 1512 charge appears to be contradictory to that stance, in addition to untimely.

At the risk of beating a dead horse: at this point in the proceedings, the Court may not consider any challenges regarding new legal theories, prior evidentiary determinations, trial strategy, or the like. The only basis for a motion for new trial filed more than fourteen days after the verdict is a very narrow one: *newly discovered evidence*. The defendants have provided none. The final step for this Court, before the defendants can raise their challenges to the Court of Appeals, is to proceed to sentencing.

Therefore, upon consideration of the defendants' motions and the entire record herein, it is hereby

**ORDERED** that ECF No. 281-1 (styled as a "Motion for New Trial and Plain Error Pursuant to Rule 52 Due to Inadmissible Hearsay and Right to Face Accuser") is **DENIED**; it is further

**ORDERED** that ECF No. 281-2 (styled as a "Motion for New Trial Pursuant to Rule 33 and New Adjudicative Evidence") is **DENIED**; it is further

**ORDERED** that ECF No. 281-3 (styled as a "Motion for New Trial Pursuant to Rule 33 Newly Discovered Testimonial Evidence") is **DENIED**; it is further

**ORDERED** that ECF No. 281-4 (styled as a "Motion for New Trial Newly Discovered Relevant Evidence") is **DENIED**; it is further

**ORDERED** that ECF No. 281-5 (styled as a "Motion to Judicially Notice Plain Error and for New Trial Pursuant to Rule 52") is **DENIED**; and it is further

**ORDERED** that ECF No. 281-6 (styled as a "Motion for New Trial: Objection to United States Motion to Dismiss Count 7 of the Superseding Indictment") is **DENIED**.

**IT IS SO ORDERED.**

Date: 1-14-25

Royce C. Lamberth
United States District Judge